STATE OF MISSOURI *ex rel.* R. M. RENICK, Petitioner, *v.* COUNTY COURT OF ST. LOUIS COUNTY, Respondent.

1. *Courts—Jurisdiction.*—Where a court originally possesses and exercises its jurisdiction over a subject, its authority to proceed will not be divested or impaired by any legislative amendment of the law conferring jurisdiction, unless express prohibitory words are used.

2. *Courts—Jurisdiction—Insane Persons.* — The statute R. C. 1865, p. 234, § 52, which took effect from its passage, gave to the County Court of any county jurisdiction to inquire whether any person in the county was so addicted to habitual drunkenness as to be incapable of managing his affairs, and in such cases to appoint a guardian. The act of March 19, 1866, (Sess.

Acts 1865-6, p. 244,) vesting the Probate Court of St. Louis county with such jurisdiction, did not take away the jurisdiction of the St. Louis County Court. The jurisdiction of the two courts is concurrent.

### Petition for Mandamus.

*Glover & Shepley*, for petitioner.

I. The jurisdiction exercised by the County Court over the person and estate of Rannells was in the first instance exercised, as will be seen by reference to the following considerations:

1. The jurisdiction upon cases of incapacity arising from drunkenness is a new jurisdiction in this State, and not conferred upon any court until it was done by the act approved February 19, 1866. Therefore, wherever that jurisdiction is by that act conferred, there it must rest. It may refer to proceedings, in cases in some respects similar, previously existing and adopt them in terms; but unless the jurisdiction is expressly in terms given to the particular tribunal exercising the jurisdiction in cases somewhat analagous, that court does not take it.

2. The Probate Court of St. Louis county can take only such power and jurisdiction as are expressly conferred by statute.

3. When the same is granted to it by statute, unless the statute itself conferring the jurisdiction makes it exclusive in terms in the Probate Court, it does not take it away from any other court having the same jurisdiction, either by statute, common law, or in equity.

4. The act by its terms limits this new jurisdiction to the County Court, and by its conferring the jurisdiction existing previously in the other class of cases to the Probate Court or County Court, conclusively shows that it was the intention to limit the new jurisdiction to the County Court alone. There are in this act provided two classes of cases whose status is to be adjudged by the County or Probate Court, to-wit, idiots and lunatics; and the act goes on, after conferring the jurisdiction, to provide in what manner that juris-

diction shall be exercised, and the extent and limits of it, and gives in detail all the forms of proceedings in connection therewith ; and after this is all done and finally concluded, for the first time it speaks of another class of cases, which had never been embraced in any previous law, and in terms confers upon the County Court jurisdiction in those cases. However much we might desire to give another interpretation to it, this act, so worded, gives no room for any other interpretation than that which is plainly written in the context. We cannot suppose that the Legislature used the terms " County Court " in this connection as meaning the County Court in those counties where it existed, and the Probate Court in those counties when the Probate Courts had been created, because in the very act itself it had shown that the distinction was recognized, and the law adapted to meet it, by conferring the jurisdiction, in the first section, on the Probate or County Court. After so specifically recognizing the two courts, and carefully conferring upon both the jurisdiction conferred by the first section, it must be taken that the Legislature, in the fifty-second section, intended to limit the other jurisdiction by that section conferred to the County Court alone.

5. The act of March 19, 1866, conferring upon the St. Louis Probate Court jurisdiction of all cases arising under the act of February 19, 1866, is a legislative interpretation that no jurisdiction was conferred upon it in some of the cases mentioned in the act of February 19, 1866. This must be so ; otherwise there was no necessity for the act itself. If the act as it stood did of itself confer jurisdiction upon the St. Louis Probate Court in all matters contemplated to be adjudicated under that act, there was clearly no necessity for this last act. · Neither can it be said that it was passed to remove a doubt whether, by the use of the words " County Court," in the fifty-second section, "Probate Court," in the counties where they existed, were not intended to be included, because they limit it to the St. Louis Probate Court, and do not extend it to Probate Courts existing in other counties.

State ex rel. Renick v. St. Louis Co. Ct.

II. The act of March 19, 1866, giving jurisdiction to the St. Louis Probate Court in all cases, does not take away from the St. Louis County Court any jurisdiction which might be conferred upon it by the act of February 19 ; for—

1. The jurisdiction which is given to the County Courts by the fifty-second.section is co-extensive with the State, in all counties ; and if it is to be taken away in a particular county, the act must show that such is the intention of the Legislature, and must use words that show that the jurisdiction thus conferred is intended to be exclusive.    Clearly, no such intention is here manifested.    In all the acts heretofore passed by which jurisdiction (exclusive) is given, it is specifically stated that it shall have exclusive jurisdiction.

2. To take away a jurisdiction from one court, where it has already existed, and confer it upon another court, the words used must show that the jurisdiction is exclusive ; otherwise, it will be held to be concurrent in the two courts. In the case of Gould v. Hays et al., 19 Ala. 450, the court say : " We apprehend the rule is undeniable that the rightful jurisdiction originally exercised by courts of equity is not impaired by legislation conferring similar jurisdiction on other courts, unless exclusive words are used."    So in the case of Commonwealth v. Hudson, 11 Gray, 64–5, when, where one court had jurisdiction of a matter, and the Legislature passed an act giving the same jurisdiction to another court without stating that it was concurrent, the court held that in all such cases the jurisdiction was concurrent.    See also Sto. Eq. Juris. § 80.

III. The County Court having alone jurisdiction at the time of the commencement of proceedings, and the judgment having been rendered prior to the passage of the act of March 19, 1866, the County Court retains jurisdiction of all subsequent proceedings in the case.    When different courts have jurisdiction, the one before which the first proceedings are had obtains paramount authority—16 Ohio, 404–5 ; 16 Mass. 170 ; 2 Munf. 34 ; 2 Md. Ch. 54 ; 9 Wheat. 537 ; 1 Barb. 449 ; in which case it was held that where there was

jurisdiction when the case was commenced, it was not ousted by any subsequent event.

WAGNER, Judge, delivered the opinion of the court.

This is a petition for a mandamus to compel the County Court of St. Louis county to proceed and act on the report of a sale of real estate, made by the relator as guardian of Charles S. Rannells. By title 14, chapter 40, R. C. 1865, p. 234, it is provided that, " If information in writing be given to the County or any Probate Court, that any person in their county is an idiot, lunatic, or person of unsound mind, ' and incapable of managing his affairs, and pray ing that an inquiry thereinto be had, the court, if satisfied that there is good cause for the exercise of its jurisdiction, shall cause the facts to be inquired into by a jury." The law then provides in detail for the appointment of a guardian, and the managing of the estate of such person, if, upon inquiry, he be found of unsound mind.

In section fifty-two of the same chapter, the like proceedings are made applicable, upon information given to the County Court that a person in their county is so addicted to habitual drunkenness as to be incapable of managing his affairs. This act was approved February 19, 1866, and took effect upon its passage. On the 19th of March, 1866, the Legislature passed a law declaring that the Probate Court of St. Louis county should have jurisdiction in all cases arising under an act entitled " An act concerning insane and other persons, incapable of managing their affairs," approved February 19, 1866, within said county—Laws of 1865-6, p. 244.

Under the act of February 19, information was filed in the St. Louis County Court that Charles S. Rannells, a citizen of St. Louis county, had become and was so addicted to habitual drunkenness, as to be incapable of managing his affairs, and asking that an inquiry be had as to the fact; which information was filed on the 5th day of March, 1866. Upon the inquiry, such proceedings were had, that on the 13th day of March, 1866, a verdict was rendered, and judgment given

thereon, that Charles S. Rannells was addicted to habitual drunkenness, and incapable of managing his own affairs; and thereupon, afterwards, the relator was appointed, on the 20th day of March, 1866, guardian of the person and estate of said Rannells, and gave bond and qualified according to law.

On the 10th day of May, 1866, the County Court made an order in pursuance of a petition presented for that purpose, authorizing the relator, as guardian of the estate of said Rannells, to sell certain lands belonging to the said estate on the 14th day of June next thereafter. The sale was made, and the report thereof duly submitted to the County Court for approval, when two of the persons who had bought property at the said sale appeared in court and filed their objections against having said report approved and the sale confirmed, for the reason that the court had no jurisdiction in the matter, nor over the person and estate of Rannells, nor any right to appoint the relator guardian, and that the sale was illegal, void, and carried no title. The County Court refused to take up, consider, or act further on the report, stating that they doubted whether they had any jurisdiction in the premises.

There is but one question to be determined here, and that is whether the act of March 19, 1866, divested the County Court of its jurisdiction, and conferred exclusive jurisdiction on the Probate Court. That the County Court possessed full and complete jurisdiction when the proceedings were initiated, is too clear to require any consideration. Where a tribunal originally obtains and exercises jurisdiction, that jurisdiction will not be overturned and impaired by any legislative enactment unless express prohibitory words are used. Indeed, it has been held by high authority, and the doctrine is well supported by reason, that jurisdiction depends on the state of things at the time the action is brought; and if the circumstances be such then as to vest jurisdiction, the same cannot be ousted by any subsequent event—Koppel v. Heinrichs, 1 Barb. 449; Mollan et als. v. Torrance, 9 Wheat.

537. The Probate Court of the county of St. Louis is a court of limited jurisdiction, and possesses and can exercise no jurisdiction except what is specially conferred on it by law. And where jurisdiction has been obtained and conferred on another court and afterwards the same is extended to the Probate Court, the prior jurisdiction will not be ousted without words of exclusion. In the case of Commonwealth v. Hudson, 11 Gray, 65, the Court of Common Pleas had jurisdiction in certain criminal cases, and by a subsequent statute it was enacted, that the several justices of the peace should, within their respective counties, have jurisdiction of all offences of the kind designated, the jurisdiction of which had before been exercised by the Common Pleas Court. It was contended that this vested the exclusive jurisdiction over the offences in the justices of the peace. But Shaw, C. J., said: "Taking the language of the statute as it is, what is the effect of this section? Before this statute, the Court of Common Pleas had jurisdiction over this subject matter. Is that jurisdiction taken away? It is no answer to say that another tribunal has jurisdiction, for that is very common. It is in such case concurrent jurisdiction—whether so called in the statute or not. Then, is the jurisdiction of the Common Pleas which it had before, taken away? There must be words of limitation to take it away; either by using the word 'exclusive,' or by repealing the former act giving jurisdiction, by which it may appear that the Legislature meant not only to confer jurisdiction on justices of the peace, but also to take away the other jurisdiction."

In the last act here, there is nothing that can be construed as an intention on the part of the Legislature to confer exclusive jurisdiction on the Probate Court. It must therefore be deemed and taken as simply concurrent with the County Court. This latter tribunal having full jurisdiction over the matter, should have proceeded to hear and determine all subjects touching the premises.

A peremtory mandamus is ordered. Judge Holmes concurs; Judge Lovelace absent.