THE STATE OF MISSOURI, Respondent, v. WILLIAM COY, Appellant.

Kansas City Court of Appeals, December 7, 1891.

Criminal Law : INFORMATION : MALICIOUS MISCHIEF : FENCE BELONG ING TO LAND INCLOSED. An information for maliciously, etc., tearing down a fence, etc., which lacks the allegation that the fence belongs to the land it inclosed, is insufficient. Such information should also make it plain, whether the land or fence belongs to the person in whom the property is laid.

*Appeal from the Buchanan Circuit Court.*—HON. SILAS WOODSON, Judge.

REVERSED.

*Sam. H. Kelley, F. S. Winn* and *Charles F. Keller,* for appellant.

The court erred in overruling the motion to quash the information, for the reason that it charged no offense against the laws of the state. The motion to quash goes to all parts of said information. *State v. Meek,* 70 Mo. 355 ; *State v. Shiflett,* 20 Mo. 415 ; *Brutton v. State,* 4 Ind. 601, 602 ; *Lemon v. State,* 4 Ind. 603 ; *United States v. Nelson,* 29 Fed. Rep. 202 ; *Kline v. State,* 44 Miss. 317. Otherwise no offense is charged. *State v. O'Brien,* 74 Mo. 549 ; *State v. Crenshaw,* 41 Mo. App. 24. A petition in trespass founded upon the statute, and which fails to state that defendant had no interest in the property, or that it was taken from land not the defendant's, cannot be held to be a count on the statute. 8 Mo. 350 ; 26 Mo. 145 ; 46 Mo. 368 ; *State v. Hayward,* 83 Mo. 299 ; *State v. Crenshaw,* 41 Mo. App. 24.

*L. A. Vories* and *Luke H. Moss,* for respondent.

An information is sufficient if it substantially complies with the statute in meaning, the language need not

be the same. *State v. Crenshaw*, 41 Mo. App. 26; *State v. Buck*, 43 Mo. App. 443; *State v. Hynes*, 39 Mo. App. 569.

ELLISON, J.—Defendant was prosecuted and convicted on an information charging that he "did then and there unlawfully and wilfully and maliciously and wantonly, and without right, injure by tearing down a certain board fence inclosing part of lot 8 in block 56 in Patee's addition to the city of St. Joseph, and more particularly the inclosure on the north side of said lot, the same being the property of Mrs. Eliza A. Powers, in which the said defendant had no interest, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state."

It is difficult to say whether this information is drawn under section 3292 or section 3293, Revised Statutes, 1889. Counsel for the state place it under the latter section, and we shall so treat it. That section provides that he "who shall wantonly and without right break or cut down, injure, take or carry away any portion of a fence, hedge or other inclosure, or any material of which the same is formed, belonging to and inclosing land not his own," etc. Under this statute the fence must both belong to and inclose land not defendant's own. The information lacks, at least, the allegation that the fence injured belongs to the land it incloses. A fence may inclose one man's land, and yet belong to the land of another. It will be further noticed that it is difficult to say, from this information, which it charges was the property of Mrs. Powers, the fence or the lot.

The motion to quash should have been sustained. Judgment reversed, and defendant discharged. All concur.