'THE STATE OF MISSOURI, Appellant, v. J. D. MORSE,
Respondent.

Kansas City Court of Appeals, December 4, 1893.

.1. **Information**: SUFFICENCY OF INFORMATION: SURPLUSAGE. An
information under section 3592, Revised Statutes, 1889, which
charges the defendant did willfully and maliciously cut down, break
and injure a portion of a certain fence, while it contains words
descriptive of the offense, in addition to those employed in the
statute, but as they neither enlarge or diminish the meaning of the
statutory words, they may be rejected as surplusage.

'2. ———: SUFFICIENCY OF COMPLAINT. The same technical accuracy
is not required in a complaint as in an information, and though the
former does not use the statutory words, yet if it use words of equiva-
lent import, it authorizes the filing of an information.

3. ———: AFFIDAVIT. It is no objection to an information that it fails
to charge that it is based upon an affidavit.

*Appeal from the Audrain Circuit Court.*—HON. E. M.
HUGHES, Judge.

REVERSED AND REMANDED.

*Robert Shackelford* and *Geo. Robertson* for appellant.

(1) The information is sufficient under section .4329,
Revised Statutes, 1889. *State v. Ramsey*, 52 Mo. App.
·668; *State v. Webb*, 47 Mo. App. 599. (2) The infor-
mation is sufficient and charges an offense under either
·section 3592 or 3593, Revised Statutes, 1889. This
information follows the language of the statute of the
.first section cited and is, therefore, good. *State v.
Tissing*, 74 Mo. 72; *State v. Anderson*, 81 Mo. 78.
Where the exact words of the statute are not used and
words of equivalent import are used, this is sufficient.
*State v. Ware*, 62 Mo. 597; *State v. Watson*, 65 Mo.
115; *State v. West*, 21 Mo. App. 309.

*W. W. Fry* for respondent.

(1) The information is based on section 3593, Revised Statutes, 1889. The offence is cutting a fence "belonging to and inclosing lands not his own." Neither the affidavit nor information charge the act was done "wantonly and without right." The fence might have belonged to Harper all on his land, and at the same time enclosed lands of defendant. They do not charge an offense under section 3592. "The fence must belong to and enclose lands not defendant's." *State v. Coy*, 47 Mo. App. 187. (2) There is a fatal variance between the affidavit and the information. An affidavit must set forth the offense with the same certainty as is necessary in an information. *State v. Cornett*, 45 Mo. App. 95; *State v. Gartmell*, 14 Ind. 280; *State v. Coy*, 47 Mo. App. 187; *City of Galt v. Elder*, 47 Mo. App. 164. The affidavit charges cutting wire fences on affiant's farm; the information, that he cut a certain fence enclosing the farm. The former does not charge that it did not enclose defendant's land, etc. A sufficient information will not aid a defective affidavit. *State v. Cornett*, *supra*; *State v. Davidson*, 46 Mo. App. 9. (3) The information fails to charge that it is based upon an affidavit filed with the justice or delivered to the prosecuting attorney. Revised Statutes, 1889, sec. 4329; *State v. Ransberger*, 106 Mo. 135.

Smith, P. J.—One Thomas R. Harper filed a complaint before the justice alleging that the defendant "did maliciously, wrongfully and unlawfully cut his wire fences" on his farm in a certain section, township and range. At a day subsequently the prosecuting attorney filed with the justice an information charging that the defendant did unlawfully, willfully and mali-

ciously cut down, break and injure a portion of a wire fence, being the property belonging to one Thomas R. Harper which enclosed the farm and crops of the said Thomas R. Harper and situated in certain section, township and range, in which the said J. D. Morse had at the time no interest.

The defendant in the circuit court filed a motion to quash the information based on grounds which we shall presently notice. The court sustained the motion and gave judgment accordingly, and from which the state has appealed.

It is contended that the information charges no offense known to the law. It was no doubt based upon section 3592, Revised Statutes. It charges that the defendant did "willfully and maliciously cut down, break and injure a portion of a certain wire fence belonging to one Thomas R. Harper," etc. This was sufficiently descriptive of the offense under the section just referred to. The information in *State v. McCoy*, 47 Mo. App. 187, was framed upon section 3593, where the language employed is different from that in section 3592. It is true the information contains words descriptive of the offense in addition to those employed in the statute; but, as these neither enlarge or diminish the meaning of the statutory words, they may be rejected as surplusage, leaving the offense described in the language of the section which is all that is required. *State v. Ramsey*, 52 Mo. App. 668.

It only appears inferentially from the record that the information was founded on the complaint. It does not appear that the defendant was arrested on the complaint. The information was not filed until twenty-five days after the complaint. It may be that information was filed upon the knowledge, information or belief of the prosecuting attorney independent of the complaint. But, however this may be, we are of

the opinion that the complaint sufficiently charges an offense to authorize the filing of the information founded thereon. We do not think that the same technical accuracy is required in describing an offense in the complaint as in the information. If a complaint fail to use the exact words of the statute in charging the offense, but employs words of equivalent import, this ought to be sufficient to authorize the prosecuting attorney to file an information founded thereon. *State v. Ware*, 62 Mo. 597; *State v. Watson*, 65 Mo. 115; *State v. West*, 21 Mo. App. 309.

The objection that the information fails to charge that it is based upon an affidavit filed with the justice or delivered to the prosecuting attorney, is sufficiently answered by the cases of *State v. Webb*, 47 Mo. App. 599; *State v. Ransberger*, 106 Mo. 135.

It follows that the judgment should be reversed and the cause remanded. All concur.