## MOTT STORE COMPANY v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

#### In Banc, February 10, 1914.

1. **APPELLATE JURISDICTION: Change in Court of Appeals District: Transfer of Pending Causes: Act of 1913.** The Act of March 21, 1913, Laws 1913, p. 204, by which certain counties were taken from the St. Louis Court of Appeals district and added to the Springfield Court of Appeals district, made no provision for the transfer of causes already appealed from the circuit court of one of the counties so transferred and then pending in the St. Louis Court of Appeals. Consequently the Springfield Court of Appeals has no jurisdiction to hear and determine a cause already appealed from a county so transposed and pending in the St. Louis Court of Appeals at the time the act took effect, and the St. Louis Court of Appeals has no authority to transfer such a cause to the Springfield Court of Appeals, nor does the latter court acquire jurisdiction by such transfer.

2. ——: ——: ——: ——: **Legislative Power.** The amendment to the Constitution of 1884 gave to the General Assembly power to transfer counties from one court of appeals district to another, and also power to transfer cases pending in one court of appeals to another; but the Act of 1913, transferring certain counties from the St. Louis Court of Appeals to the Springfield Court of Appeals, was silent as to cases "now

pending," and made no provision whatever for the transfer of a cause already appealed from the circuit court of a county transferred by the act to the Springfield Court of Appeals and then pending in the St. Louis Court of Appeals; and the St. Louis Court, having already acquired jurisdiction of the cause so appealed from one of said counties, its jurisdiction continues until it is exhausted by a final determination of the cause or taken from it by a valid legislative enactment.

3. JURISDICTION: Statute: Retrospective Operation. Unless such intention is clearly expressed, a statute depriving a court of jurisdiction does not operate retrospectively to suspend proceedings then pending, and a statute conferring jurisdiction does not operate to give jurisdiction over causes of action arising before the enactment of the statute unless such power is clearly expressed.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

*W. F. Evans, Moses Whybark* and *A. P. Stewart* for appellant.

*Ward & Collins* for respondent.

GRAVES, J.—This cause reaches this court because there is a question between the Springfield Court of Appeals and the St. Louis Court of Appeals, as to which court has jurisdiction thereof. Each court has filed a *per curiam* opinion, and both are before us. The opinions say about all that can be said upon the respective sides of the controversy. The Springfield Court of Appeals has transferred the case and all the original files to this court, and the sole question for us to determine is as to which court the case should be remanded by us for a trial and determination. We have examined both opinions with interest and care, but we believe that the law of the case lies along the lines of the opinion filed by the Springfield Court of Appeals. We cannot add to that carefully written

opinion, and adopt it as the opinion of this court. Such opinion reads:

"This cause was originally appealed from the circuit court of Pemiscot county to the St. Louis Court of Appeals prior to the passage of the act approved March 21, 1913 (Laws 1913, p. 204), which took effect June 23, 1913. The St. Louis Court of Appeals, acting under the enactment, transferred the above-entitled cause to this court and filed an opinion on June 24, 1913. The sole question arising at this time is concerning the right of this court to hear and determine the appeal.

"Section 3 of the amendment of 1884 to the Constitution by which the Kansas City Court of Appeals was established, invested power in the General Assembly to create a third court of appeals. Acting under this provision, the General Assembly in 1909 created the Springfield Court of Appeals, giving it a territory comprising thirty-three counties selected from the districts of the St. Louis and Kansas City courts as then established as is set out in section 3926, Revised Statutes 1909. At the same time, by section 3927, Revised Statutes 1909, it was provided (1) that the Springfield Court of Appeals would have jurisdiction of appeals and writs of error in all cases appealed from counties included in said district of which the St. Louis Court of Appeals and the Kansas City Court of Appeals formerly had jurisdiction; (2) that all cases 'now pending' in the two last named courts of appeals arising in counties which had been given to the Springfield district should be certified and transferred to the Springfield Court of Appeals. In 1913 the General Assembly saw fit to increase the territorial jurisdiction of the Springfield Court of Appeals by adding twelve counties, eleven of which were taken from the St. Louis district and one from the Kansas City district. Pemiscot county was one of those which were taken from the St. Louis district and added to the

Springfield district by this amendment of 1913. This amendment merely added these counties to the territorial jurisdiction aforesaid and further provides the time and place of holding court in the Springfield district. There was no act passed or amendment made providing for the transfer to the Springfield Court of cases 'now pending' on appeal in the other two courts of appeals originating in the counties last added to the Springfield Court of Appeals district. The question here is, does the amendment vest us with jurisdiction over cases which arose in and were appealed from those counties to the St. Louis Court prior to June 23, 1913, the date on which the Act of 1913 took effect.

"The St. Louis Court of Appeals by its opinion of June 24, 1913, holds that such cases must be transferred to this court and accordingly ordered the transfer of the above entitled cause. We are unable to agree with their opinion.

"The failure of the General Assembly to provide in the amendment now under consideration for a transfer of the cases appealed and then pending in the St. Louis Court prior to June 23, 1913, we think clearly shows that it intended that this court would take jurisdiction only of cases arising in those counties subsequent to the taking effect of the act. It will be noted that section 3927, Revised Statutes 1909, of the act creating the Springfield Court, did not stop by giving the court jurisdiction of appeals and writs of error in cases thereafter arising in the counties which had formerly been in the other two districts, but included in said section a provision for the transfer of the cases then pending in those courts, showing clearly to us that the mere changing the territorial jurisdiction of the counties would not change the jurisdiction of the courts concerning those cases which had arisen in those counties prior to the taking effect of that act. The Gen-

eral Assembly in 1909 when creating the Springfield Court evidently thought that it was necessary to provide for the transfer of cases which had already been appealed to the respective courts in the other two districts, because the amendment to the Constitution provides for the creation of a new district, the designation of the time of holding court, the increase or diminution of the pecuniary limit of the jurisdiction of such courts, also empowers the Legislature to 'provide for the transfer of cases from one court of appeals to another court of appeals,' recognizing that something more than the mere establishing or changing of the territorial district is necessary in order that cases then pending in one court might be transferred to another court of appeals.

"Again, the statute (section 3927, Revised Statute 1909) passed in 1909 speaks only as of that date and shows for itself that the General Assembly had in mind only the transfer to the Springfield Court then created of such cases as were 'now pending' in the courts unsubmitted. This section was dealing with conditions and cases at that time. It does not deal with future conditions or future times. This is shown from the fact that it is speaking of the transfer of cases only to the Springfield Court of Appeals. The General Assembly has the right to take counties from the Springfield district and add them to the St. Louis district or to the Kansas City district, but surely no authority could be found in the above statute authorizing this court to transfer cases appealed to this court from the counties thus taken and to transfer them to either the St. Louis or Kansas City Courts, thus showing that section 3927, Revised Statutes 1909, was only intended to cover those cases on appeal at that time. The amendment to the Constitution of 1884 gave the Legislature power in transferring counties from one court of appeals district to another, to also provide for transferring cases then pending in the one court

to the other, but the Legislature did not do so in this instance. For the courts to do. so is judicial legislation.

"The words 'now pending' were used in section 3927, because in the absence of further legislation no cause could *thereafter* be pending in the other courts of appeals originating in the counties of the Springfield district. Should there be further legislation placing other counties in the Springfield district or *vice versa* the Legislature might or might not want to exercise its power to transfer cases then pending in the one court to the other. The jurisdiction of the courts of appeals is under our Constitution territorial as well as of the subject-matter. That is, the cause must go on appeal to that court of appeals within whose territorial district the county is situated and it alone has jurisdiction of the appeal. [State ex rel. v. Nixon, 232 Mo. 496.] Jurisdiction of an appeal means the right to *hear and determine* the appeal. The present case properly went on appeal to the St. Louis Court of Appeals because Pemiscot county was then part of that district and that court unquestionably acquired jurisdiction of the same. That jurisdiction adheres until it is either exhausted by a final determination of the appeal or is taken from it by a valid legislative enactment. That the Legislature did not see fit to do.

"At different times when the jurisdictional amount of the courts of appeals has been increased the Legislature has invariably provided for a transfer to the courts of appeals of the cases unsubmitted and pending in the Supreme Court which would fall within the amendment. [Laws 1901, p. 107.]

"By an act of February 15, 1893, Laws 1893, p. 131, the county of Audrain was transferred from the Kansas City Court of Appeals to the St. Louis Court of Appeals. No emergency clause was passed, so that this act went into effect and Audrain county became a part of the St. Louis district on June 21, 1893. No

provision was made for transferring cases then pending and undetermined in the Kansas City Court to the St. Louis Court. We find by reference to the Missouri Appeal Reports that the Kansas City Court did retain jurisdiction and rendered opinions in cases pending there from Audrain county after the act transferring that county to the St. Louis district went into effect. [Hellman & Co. v. Bick, 55 Mo. App. 168, opinion rendered Nov. 20, 1893, by the Kansas City Court; and State v. Morse, 55 Mo. App. 332, opinion rendered December 4, 1893, by the same court.] The first case from that county in which the St. Louis Court rendered an opinion is Logan v. Woolwine, 56 Mo. App. 453, decided February 13, 1894, and the appeal in this case was evidently granted after the act transferring the county to the St. Louis district went into effect.

"There is another principle of law applied to the construction of statutes, which we think settles the question in this case, and that is that unless such intention is clearly expressed in the act, a statute depriving a court of jurisdiction does not operate retrospectively to suspend proceedings then pending, and a statute conferring jurisdiction does not operate to give jurisdiction over causes of action arising before the passage of the act. In the absence of such clearly expressed intention a statute will not be construed to deprive a court of jurisdiction then possessed by it or to confer jurisdiction over causes of action arising before its passage. We think, therefore, that before the St. Louis Court of Appeals is divested of jurisdiction of this cause, which it undoubtedly had up to June 23, 1913, there must be a statute containing some prohibitory words or words that would exclude its jurisdiction, and unless such words are found in the statute, which we are unable to find, that court, having acquired jurisdiction, would retain it, and before we

could assume jurisdiction we must be able to find that the St. Louis Court has lost it.

"Judge WAGNER in the case of State ex rel. Renick v. St. Louis County Court, 38 Mo. 402, 407, used the following language which is applicable here: 'There is but one question to be determined here, and that is whether the Act of March 19, 1866, divested the county court of its jurisdiction, and conferred exclusive jurisdiction on the probate court. That the county court possessed full and complete jurisdiction when the proceedings were initiated, is too clear to require any consideration. Where a tribunal originally obtains and exercises jurisdiction, that jurisdiction will not be overturned and impaired by any legislative enactment unless express prohibitory words are used. Indeed, it has been held by high authority, and the doctrine is well supported by reason, that jurisdiction depends on the state of things at the time the action is brought; and if the circumstances be such then as to vest jurisdiction, the same cannot be ousted by any subsequent event.'

"At the time the appeal in this case was taken, and even up to June 23, 1913, all cases appealed from Pemiscot county must necessarily have been lodged in and be determined by the St. Louis Court of Appeals. In other words, the St. Louis Court had jurisdiction over certain causes of action, of which this is one, arising in a certain territorial district. It obtained jurisdiction of those cases on appeal, and having acquired jurisdiction of them on appeal it would only be divested of that jurisdiction by an act clearly denying it the right to try those particular cases on appeal.

"Again, the law as announced in 36 Cyc. 1223, in dealing with the subject of amendatory acts, is as follows: 'Unless required in express terms or by clear implication, an amendatory act will not be given a retrospective construction. Proceedings instituted, or-

ders made, and judgments rendered before the passage of the amendment will therefore not be affected by it, but will continue to be governed by the original statute. Where a statute, or a portion thereof, is amended by declaring that, as amended, it shall read as follows, and then setting forth the amended section in full, the provisions of the original statute that are repeated are to be considered as having been the law from the time they were first enacted, and the new provisions are to be understood as enacted at the time the amended act takes effect.'

"The case of State ex rel. Renick v. St. Louis. County Court, supra, has been followed in this State by numerous decisions. [See St. Louis v. Hollrah, 175 Mo. l. c. 85; Lackland v. Walker, 151 Mo. l. c. 262; Tackett v. Vogler, 85 Mo. l. c. 483.] Although the cases just cited dealt with jurisdiction of subject-matter, the Supreme Court in the case of State ex rel. Dunham v. Nixon, 232 Mo. l. c. 102, in dealing with the same subject that is before us, to-wit, the transfer of causes from one court of appeals to another, used this language: 'Unless expressly authorized to do so a court has no authority to transfer a cause from it to another court and thereby give the other court possession of the case "to hear and determine it," although the other court would have had jurisdiction of the case if it had come to it by due process. The conferring of jurisdiction belongs to the law-making power of the State.' This language was quoted in the case of State ex rel. v. Nixon, 232 Mo. l. c. 503.

"It being conceded that the cause now transferred to this court was originally lawfully lodged in the St. Louis Court of Appeals, which court had jurisdiction, we must look for something more in the amendment than a clause providing for a retention of that case by the St. Louis Court of Appeals. We find the authority for that jurisdiction in the law as it was written prior to June 23, 1913, and unless in that amended

law we can find an intention of the General Assembly clearly expressed to divest the St. Louis Court of Appeals of jurisdiction in this case, we know of no authority that would give us a right to try and determine the cause. We, therefore, hold that the transfer of this cause to this court was without authority of law, and it is ordered that this cause and all files and papers pertaining thereto be and the same are transferred to the St. Louis Court of Appeals.

"As our opinion is in conflict with the opinion of the St. Louis Court of Appeals of June 24, 1913, in this same cause, it is ordered that the cause be certified to the Supreme Court for final determination as to the jurisdiction of this court to hear and determine the same."

From this it follows that we should certify this case to the St. Louis Court of Appeals for final determination. It is so ordered. All concur.