STATE of Missouri ex rel. Lee Edward
KEYES, Relator,

v.

The Honorable Oliver M. COLLINS, Magis-
trate, Division No. 9 of the Magistrate
Court of the City of St. Louis, Missouri,
Respondent.

No. 38416.

Missouri Court of Appeals,
St. Louis District, Division One.

Oct. 19, 1976.

Robert C. Babione, Public Defender, St.
Louis, Gary Schecter, for relator.

Stephen A. Moore, Assoc. Pros. Atty., St.
Louis, for respondent.

DOWD, Judge.

The issue here is whether Judges of the
St. Louis Court of Criminal Correction or
the Magistrates of the City of St. Louis
have jurisdiction over misdemeanor cases
pending on August 13, 1976. Relator con-
tends that despite legislation changing jur-
isdiction over misdemeanor trials in the
City of St. Louis a magistrate lacks jurisdic-
tion to try a misdemeanor charge pending
against him on August 13, 1976. A large
number of pending misdemeanor cases have
already been tried by the magistrates, and
an even larger number of such cases remain
to be tried.[1] A preliminary writ of prohibi-
tion was issued by this court, and the cause
was heard after the issue was joined.

Our decision to quash or make absolute
the preliminary writ of prohibition depends
upon the construction given S.C.S. Senate
Bill No. 658. Mo. Legislative Service 1976,
Vol. 2, Act 70. In this legislation the 78th
General Assembly amended the statutes
governing jurisdiction over criminal prose-
cutions within the City of St. Louis.

Section 479.100 RSMo 1969, which had
given the court of criminal correction exclu-
sive, original jurisdiction over misdemeanor
causes, was repealed. Sections 482.230 and
543.010 were modified to confer concurrent,
original jurisdiction over misdemeanor pros-

---

1. Relator's petition for writ of prohibition alleg-
es that over four thousand misdemeanor cases
were pending on August 13, 1976. Respondent

in oral argument estimated that approximately
750 misdemeanor cases had already been proc-
essed by a city magistrate.

ecutions upon the magistrate and circuit courts. The duties of the clerk of the court of criminal correction were extended to prosecutions in the magistrate court; and the clerk was given the duty, upon direction of the circuit court, to assign misdemeanor cases to divisions of the magistrate court. § 483.416 RSMo 1976. The legislation became effective on August 13, 1976.

Pursuant to this legislation, the Chief Judge of the Circuit Court of the City of St. Louis ordered the clerk of the court of criminal correction to transfer to the magistrate court all misdemeanor cases pending on August 13, 1976, including Relator's. Relator thereupon moved the magistrate court to dismiss the action for want of jurisdiction. This motion was overruled and this proceeding in prohibition resulted.

■ Within constitutional limitations, the legislature has the power to transfer jurisdiction over pending cases. *State ex rel. Dunham v. Nixon,* 232 Mo. 98, 133 S.W. 336 (Banc 1910). The legislature, however did not specifically refer to pending cases when it transferred jurisdiction over misdemeanor cases in Senate Bill No. 658. Thus, we must determine whether the legislature intended cases pending on the effective date of the legislation as well as newly filed cases to be tried in the magistrate court.

■ By expanding the jurisdiction of the Magistrate Court of the City of St. Louis to include jurisdiction over misdemeanors, the legislature has evinced a purpose to establish greater uniformity in the criminal court system available throughout the state.[2] Uniformity, however, is not the sole object of Senate Bill No. 658. The legislation is evidently designed to relieve an overcrowded criminal docket and to expedite the processes of criminal justice in the City of St. Louis by increasing the number of courts having jurisdiction over criminal cases. There are seven Magistrates in the City of St. Louis, and prior to the enact-

ment of the statute their jurisdiction was confined to civil cases.

In order to accomplish the latter purpose, the jurisdiction of the city's magistrate court is expanded to include original jurisdiction over misdemeanor causes. § 482.230 RSMo 1976. But the clerk of the court of criminal correction retains his former duties and responsibilities for all misdemeanor cases even though such cases are tried in the magistrate court. § 483.416 RSMo 1976. In effect, the legislation treats the magistrate court as a special division of the court of criminal correction, designed to hear and determine misdemeanor cases. Cases are assigned to this "special division" by the clerk of the court of criminal correction. § 483.416 RSMo 1976. The nature of the system established by the legislation and the legislation's purpose to relieve a presently overloaded criminal docket persuades us that the legislature intended pending misdemeanor prosecutions to be transferred to the magistrate court.

Relator argues, however, that the legislature's intent to transfer jurisdiction over pending cases must be manifested by express statutory language. As authority, relator cites *Mott Store Co. v. St. L. & S. F. R. Co.,* 173 Mo.App. 189, 158 S.W. 108 (1913), *aff'd* 254 Mo. 654, 163 S.W. 929 (Banc 1913). The *Mott* decision held that a statute expanding the territorial jurisdiction of the Springfield Court of Appeals did not effectuate a transfer of jurisdiction over appeals pending in the St. Louis Court of Appeals because the statute did not, by its terms, so provide. Prior changes in the territorial jurisdiction of the appellate courts had made express provision for pending cases; and, in the absence of such express provision, jurisdiction remained with the St. Louis Court of Appeals. The *Mott* decision did note that a statute containing prohibitory words or words excluding jurisdiction could deprive a court of jurisdiction even though jurisdiction was acquired pre-

---

2. State-wide uniformity is also one of the purposes of the newly ratified amendments to Article V of the Missouri Constitution. When these amendments affecting the judicial department become effective on January 2, 1979, magistrate courts, courts of common pleas, and the St. Louis Court of Criminal Correction will become divisions of the circuit courts. C.C.S. Senate Joint Resolution No. 24, Mo. Legislative Service 1976, Vol. 1.

viously. We believe that such is the effect of Senate Bill 658.

We believe the Senate Bill No. 658 manifests an intention to transfer pending cases from the court of criminal correction despite its failure to specifically refer to pending cases. The legislation clearly deprives the judges of the court of criminal correction of their power to hear and determine misdemeanor cases, vests original jurisdiction over misdemeanors in the magistrate court, and requires the clerk of the court of criminal correction to assign misdemeanor cases to the magistrate court as directed by the circuit court. Thus, the legislation establishes a system whereby misdemeanor cases are to be transferred to the magistrate court for hearing and determination. The legislature created no exceptions to this system for cases pending in the court of criminal correction which indicates that the legislation transfers all misdemeanor prosecutions.

Another indication that the legislature intended pending misdemeanor causes to be tried in the magistrate courts is the legislature's modification of the duties of the prosecuting attorney found in Senate Bill No. 658. The repeal of Section 56.490 RSMo Supp.1975 ends the prosecuting attorney's power to prosecute misdemeanors in the court of criminal correction. Instead, a new Section 56.490 provides that the prosecuting attorney of the St. Louis court of criminal correction shall prosecute all misdemeanors in the magistrate court. The apparent legislative intent that the prosecuting attorney is to prosecute all misdemeanor offenses would be thwarted if pending cases were tried in the court of criminal correction in which the prosecuting attorney is no longer authorized to prosecute.

We do not believe, as argued by the relator, that the court of criminal correction retains jurisdiction over pending misdemeanor prosecutions under Section 545.010 RSMo 1969 or Rule 21.01. The statute and rule provide that the first court in which prosecution is properly commenced acquires and retains jurisdiction over the case so long as the case is pending. Section 545.010, and Rule 21.01 codify a rule of priority applicable when courts have concurrent jurisdiction. *See* 20 Am.Jur.2d, *Courts* § 218 (1965). In civil cases, a rule of priority prevents multiple litigation by the same parties involving the same subject matter. *In re Gaebler's Estate,* 248 S.W.2d 12, 15 (Mo.App.1952). The criminal rule of priority established by Section 545.010 and Rule 21.01 is similarly designed to prevent a defendant's prosecution under the same charge in multiple courts. Such multiple prosecutions are not possible in the situation presented by this proceeding in prohibition because the court of criminal correction and the magistrate court do not have concurrent jurisdiction over misdemeanor cases. Senate Bill No. 658 effectuates a transfer of all misdemeanor causes to the magistrate court. Legislation which transfers jurisdiction creates an exception to Section 545.010 RSMo 1969 and Rule 21.01.

Relator's misdemeanor prosecution was properly transferred to the magistrate court, and the preliminary writ of prohibition is quashed.

WEIER, P. J., and CLEMENS, J., concur.