DEPARTMENT OF SOCIAL SERVICES, DIVISION OF FAMILY SERVICES, Plaintiff/Appellant,

v.

Tony RANERI, Defendant/Respondent.

No. 67395.

Missouri Court of Appeals, Eastern District, Southern Division.

July 18, 1995.

---

Steven M. Kuntz, Jefferson City, for appellant.

Malcolm H. Montgomery, Cape Girardeau, for respondent.

GRIMM, Chief Judge.

The Department of Family Services found "reason to suspect" that defendant sexually assaulted his daughter. On judicial review, the trial court reversed DFS's findings. DFS appeals. Finding § 210.152, RSMo Cum. Supp.1993, is controlling and does not authorize DFS to appeal, we dismiss.

## I. Background

On December 8, 1993, DFS received a report alleging that defendant had sexually abused his daughter. DFS initiated an investigation pursuant to § 210.115 *et seq.*, RSMo Cum. Supp.1993. On January 26, 1994, DFS notified defendant that it had reason to suspect that defendant had sexually abused his daughter.

On February 24, 1994, defendant filed his request for judicial review as allowed by § 210.152.3, RSMo Cum. Supp.1993. On August 11, 1994, the parties submitted the case to the trial court on a stipulated record. On November 10, 1994, the trial court found that the allegations of abuse were not substantiated by competent and substantial evidence and reversed DFS's findings.

DFS appealed, raising one point which alleged trial court error in failing to sustain DFS's determination. We do not reach that point because the applicable statute does not permit DFS to appeal.

## II. Jurisdiction

When this case began in 1993, a suspected perpetrator who was aggrieved by a DFS decision could seek judicial review in circuit court. § 210.152.3, RSMo Cum. Supp.1993. The circuit court reviewed the decision to determine if it was supported by competent and substantial evidence. *Id.* If the alleged perpetrator was aggrieved by the decision of the circuit court, de novo review in another division of the circuit was available. *Id.* However, the statute specified that "no further appeal shall be available." *Id.* Appeal to this court was inappropriate. *Strathmann v. Dept. of Social Services,* 756 S.W.2d 651 (Mo.App.E.D.1988).

On August 28, 1994, a new law went into effect, amending § 210.152. The new law changed the method of review. Under the new law, a person aggrieved by a DFS determination may seek an administrative review by the child abuse and neglect review board. § 210.152.3, RSMo1994. If the alleged perpetrator is aggrieved by that board's decision, the alleged perpetrator may seek de novo judicial review in circuit court. § 210.152.5, RSMo1994. The circuit court must allow the alleged perpetrator the opportunity to appear and present evidence. *Id.* The language of the prior statute stating that "no further appeal shall be available" is not in the new statute.

Defendant contends that this appeal is governed by the old statute, which prohibits DFS from pursuing this appeal. On the other hand, DFS contends that appeal is proper under § 512.020, RSMo1994, the general statute authorizing appeals.

This appeal is controlled by § 210.152.3, RSMo1993. When defendant was aggrieved by DFS's decision, this statute directed him to file a petition for review in the circuit court. He followed that direction and both he and DFS operated under its provisions.

When the petition for review was filed in February, 1994, and when the matter was submitted to the trial court in August, 1994, the trial court had jurisdiction over this proceeding. Nothing in the new statute indicated an intent to deprive the trial court of this jurisdiction.

■ Unless "such intention is clearly expressed in the act, a statute depriving a court of jurisdiction does not operate retrospectively to suspend proceedings then pending." *Mott Store Co. v. St. Louis & S.F.R. Co.,* 254

Mo. 654, 163 S.W. 929 (1913); *State v. Martin,* 644 S.W.2d 359, 360 (Mo. banc 1983). "In the absence of such clearly expressed intention, a statute will not be construed to deprive a court of jurisdiction then possessed by it." *Mott,* 163 S.W. at 931.

■ Here, the new statute did not express any intention to deprive the circuit court of its jurisdiction. Thus, these proceedings are governed by § 210.152 RSMo 1993. Under § 210.152.3, if the defendant was aggrieved by the initial decision of the circuit court, he could "seek de novo review in another division of the circuit court." However, that right was not extended to DFS; the right to a de novo review was limited to the alleged perpetrator. Moreover, "no further appeal shall be available." *Id.*

The appeal is dismissed.

SIMON and CRAHAN, JJ., concur.