Bruce WIBBERG, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 53308.

Missouri Court of Appeals,
Western District.

Dec. 16, 1997.

---

Margaret M. Johnston, Asst. Public Defender, Fulton, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Loren T. Israel, Asst. Atty. Gen., Kansas City, for Respondent.

Before SPINDEN, P.J., and LAURA DENVIR STITH and EDWIN H. SMITH, JJ.

EDWIN H. SMITH, Judge.

Bruce Wibberg appeals the probate court's dismissal for a lack of jurisdiction of his "Petition to Amend the Conditions of Release," which would be more accurately denominated a *motion to amend*.

Pursuant to § 552.030, RSMo 1986[1], appellant was committed by the Circuit Court of Osage County to the Missouri Department of Mental Health (DMH) after he was found not guilty of first-degree assault, § 565.050, RSMo 1986, by reason of mental disease or defect (NGRI). In accordance with the circuit court's order, appellant was committed to the Fulton State Hospital in Fulton, Callaway County, Missouri, on March 24, 1988. On February 25, 1991, he was granted a conditional release by order of the Probate Division of the Circuit Court of Callaway County (the probate court), pursuant to § 552.040, RSMo 1991. Appellant filed his motion to amend the conditions of this conditional release on June 26, 1996. On August 28, 1996, while his motion to amend was pending, an amendment to § 552.040 became effective which changed jurisdiction of applications for conditional releases, pursuant to § 552.040, filed by persons committed to the DMH who had been found NGRI of a dangerous felony, from the court having probate jurisdiction over the facility where the person was committed to the court that committed the person.

Appellant claims that the probate court erred in dismissing his motion to amend in that: (1) the jurisdictional amendment to § 552.040 did not divest it of its jurisdiction as to his motion to amend in that his motion was a pending action, and, as such, the amendment should not have been applied retrospectively; and (2) because it ordered the conditional release, it had continuing jur-

---

1. All statutory references are to RSMo 1994,     unless otherwise indicated.

isdiction to hear any motion to amend the conditions of that release.

We affirm.

## Facts

On March 17, 1988, in the Circuit Court of Osage County (committing court), the appellant, pursuant to § 552.030, RSMo 1986, pled NGRI to a charge of first-degree assault, § 565.050, RSMo 1986. The trial court accepted the appellant's plea and ordered that he be committed to Fulton State Hospital in Fulton, Callaway County, Missouri.

Pursuant to § 552.040.9, RSMo 1991, appellant filed an application for conditional release in the probate court on December 6, 1990. Section 552.040.9, RSMo 1991, provides:

[t]he committed person or the head of the facility where the person is committed may file an application in the court having probate jurisdiction over the facility where the person is detained for a hearing to determine whether the committed person shall be released conditionally.

On February 25, 1991, the Honorable Patrick Horner issued an order granting appellant his conditional release without stating a duration. After receiving his conditional release, appellant resided at the Melody House in Jefferson City, Missouri, until September 13, 1991, when he voluntarily re-admitted himself to the Fulton State Hospital. On July 2, 1992, the Attorney General's office filed a "Motion to Amend Conditional Release" in the probate court, requesting that appellant be allowed to live in a community placement facility. After all the parties in interest waived a hearing on the issue, the probate court issued an order on July 7, 1992, which allowed the appellant to reside in a community placement facility.

On June 26, 1996, appellant filed a "Petition [Motion] to Amend Conditions of Release" in the probate court. A hearing on this motion was initially set for August 19, 1996, but was continued at appellant's request to September 9, 1996. On August 28, 1996, an amendment to § 552.040 took effect which vested jurisdiction over the conditional release of an individual who pleads NGRI to a dangerous felony in the court which initially committed him or her, rather than the court having probate jurisdiction over the facility where the individual was committed. At the September 9, 1996, hearing, the probate court dismissed appellant's motion for lack of jurisdiction based upon the jurisdictional amendment to § 552.040.

This appeal follows.

## Standard of Review

We review a trial court's dismissal of an action for a lack of jurisdiction for an abuse of discretion. *Anderson v. Wittmeyer*, 834 S.W.2d 780 (Mo.App.1992). "An abuse of discretion is found when a ruling clearly violates the logic of the circumstances or is arbitrary or unreasonable." *Rust v. Hammons*, 929 S.W.2d 834, 837 (Mo.App.1996). Where the trial court does not state the basis for the dismissal, we presume that the dismissal was based on one of the grounds stated in the motion to dismiss, and will affirm if the dismissal was appropriate on any ground alleged in the motion. *Warren v. State*, 939 S.W.2d 950, 953 (Mo.App.1997). However, even though not raised by the parties, issues which concern a trial court's jurisdiction are inherent in any case and may be raised, *sua sponte*, by the appellate court. *Taylor v. Taylor*, 908 S.W.2d 361, 363 (Mo.App.1995) (citing *Grippe v. Momtazee*, 696 S.W.2d 797, 798 (Mo.banc 1985)).

## I.

In his first point, the appellant claims that the probate court abused its discretion in dismissing his motion to amend the conditions of his conditional release for lack of jurisdiction, and thereby, violated his right to due process of law. He contends that, under the version of § 552.040 in effect at the time his motion was filed, the probate court had jurisdiction to hear it. In support of this contention, he argues that the amendment to § 552.040, which vested jurisdiction over conditional releases of persons committed for pleading NGRI to a dangerous felony in the committing court, could not be applied retrospectively to divest the probate court of jurisdiction over his motion. The issue then for us to decide is whether the amended version

of § 552.040 divested the probate court of jurisdiction over appellant's motion to amend the conditions of his conditional release.

█ As a general rule, if a statutory amendment is deemed to be procedural in nature, it will be applied retroactively to cases already pending on the effective date of the amendment, unless an express contrary intent appears from the terms of the amendment. *Callahan v. Cardinal Glennon Hosp.*, 863 S.W.2d 852, 872 (Mo.banc 1993); *Fletcher v. Second Injury Fund*, 922 S.W.2d 402, 407 (Mo.App.1996); *State v. Thomaston*, 726 S.W.2d 448, 460 (Mo.App.1987). However, there is an exception in the case of an amendment which divests a court of jurisdiction, which exception provides that,

> [u]nless 'such intention is clearly expressed in the act, a statute depriving a court of jurisdiction does not operate retrospectively to suspend proceedings then pending.... In the absence of such clearly expressed intention, a statute will not be construed to deprive a court of jurisdiction then possessed by it.'

*Dep't of Soc. Services, Div. of Family Services v. Raneri*, 902 S.W.2d 869, 870–71 (Mo. App.1995) (quoting *Mott Store Co. v. St. Louis & S.F.R. Co.*, 254 Mo. 654, 163 S.W. 929, 931 (1913)).

At the time appellant filed his motion to amend the conditions of his conditional release and his motion for continuance was granted, § 552.040 provided in pertinent part: "[t]he committed person ... may file an application in the court having probate jurisdiction over the facility where the person shall be released conditionally." However, subsequent to the filing of his motion to amend and the grant of his motion for continuance, the jurisdictional amendment to § 552.040 in question took effect. After the amendment, § 552.040 provided in pertinent part as follows:

> In the case of a person committed to a mental health facility upon acquittal on the grounds of mental disease or defect excluding responsibility for a dangerous felony as defined in section 556.061 [2], RSMo ... any such application shall be filed in

the court that committed the person. In such cases, jurisdiction over the application for conditional release shall be in the committing court.

Thus, the amendment switched jurisdiction over applications for conditional releases filed pursuant to § 552.040 by persons who had pled NGRI to a dangerous felony from the probate court where the DMH facility was located to the committing court.

The parties do not dispute the fact that at the time of appellant's filing of his motion to amend the probate court had jurisdiction pursuant to the version of § 552.040 then in effect. The parties also do not dispute the fact that the committing court, the Circuit Court of Osage County, would have jurisdiction over any application for conditional release filed after the effective date of the amendment. What the parties do dispute is which court had jurisdiction over appellant's motion to amend after the effective date of the amendment. To decide this issue, we must determine whether the amendment to § 552.040 contains a clearly expressed intention to divest the probate court of jurisdiction over a pending § 552.040 action, and if not, whether appellant's motion was a "pending action" over which the probate court would have had continued jurisdiction.

█ In support of its argument that the amended version of § 552.040 contains a clearly expressed intention to divest the probate court of jurisdiction over pending actions filed under § 552.040, the State points to the following language of the amended version: "... any application shall be filed in the court that committed the person. In such cases, jurisdiction over the application for conditional release shall be in the committing court." The State argues that because of its repetitive nature, the second sentence should be construed to mean that the probate court is immediately divested of jurisdiction over pending conditional release applications. We find the State's argument to be unpersuasive. Had the legislature intended that the probate court be immediately divested of jurisdiction over pending actions for conditional release, it could have simply stated

---

**2.** Section 556.061 includes first-degree assault, the crime for which appellant pled not guilty on the grounds of mental disease or defect.

such, but did not. The clear and unambiguous language of the statute indicates no express intent to divest the probate court of jurisdiction. *Raneri,* 902 S.W.2d at 870–71. As such, we find that even after the effective date of the amendment to § 552.040, the probate court continued to have jurisdiction over any pending § 552.040 actions. However, this does not terminate our inquiry. We still must determine whether appellant's motion to amend was a "pending action" under § 552.040 and over which the probate court had jurisdiction and the power to grant relief thereon.

■ Generally, a trial court loses the power to amend a judgment thirty days after the entry of the judgment, when it becomes final. Rule 75.01; *C.L. Smith Indus. Co., Inc. v. Matecki,* 914 S.W.2d 873, 877 (Mo.App.1996). However, there are exceptions to the general rule. Rule 74.06 provides for relief from a final judgment for clerical mistakes, excusable neglect, fraud, or an irregular, void or satisfied judgment. *Settles v. Settles,* 913 S.W.2d 101, 102–03 (Mo.App.1995). In addition, a court has the power to amend a final judgment pursuant to specific statutory authority. *Grunden v. Nelson,* 793 S.W.2d 569, 575 (Mo.App.1990). A review of the record here reveals that appellant did not file his motion to amend within thirty days after the entry of the judgment granting his conditional release and that Rule 74.06 does not apply. And because we find no authority for the proposition that a court has inherent authority to amend a final judgment, the only remaining basis upon which the probate court here could amend its judgment of appellant's conditional release would be pursuant to specific statutory authority.

A careful reading of the prior and amended versions of § 552.040 reveals that there is no specific statutory authority for the probate court to amend its judgment granting appellant a conditional release under § 552.040 after it became final pursuant to Rule 75.01. In arguing that the probate court had continuing jurisdiction to amend the conditions of his conditional release, the appellant attempts to draw an analogy between the probate court's jurisdiction over a conditional release granted under § 552.040 and a sentencing court's continuing jurisdiction to modify or amend conditions of proba-

tion. The analogy is without merit. The continuing jurisdiction given a sentencing court to modify conditions of probation is statutorily authorized under § 559.021. Such is not the case with a court which is authorized to grant a conditional release under § 552.040. In this respect, both the prior and amended versions of § 552.040 only authorize the court granting the conditional release to revoke a conditional release for a violation of its terms and conditions, but not to amend the conditions where no violation is alleged. §§ 552.040.16, RSMo 1994; 552.040.18, RSMo 1996.

■ Because we find the probate court was not statutorily authorized to amend the conditions of appellant's conditional release granted pursuant to § 552.040, it, therefore, lacked jurisdiction over his motion, and as such the motion was a nullity. Thus, there was no action under § 552.040 pending before the probate court on or before the effective date of the amendment to § 552.040 over which it had jurisdiction. And, although the probate court was incorrect in determining that the amendment to § 552.040 divested it of jurisdiction over pending applications for conditional releases filed pursuant to § 552.040, we affirm its dismissal of appellant's motion to amend the conditions of his previously granted conditional release because it was not a "pending action" recognized under § 552.040. Therefore, because we find the probate court lacked jurisdiction to hear appellant's "Petition to Amend the Conditions of Release," we find that it did not err in dismissing the same for a lack of jurisdiction. *Taylor,* 908 S.W.2d at 363.

Point denied.

Given our disposition of this point, we need not address appellant's remaining point on appeal.

### Conclusion

We affirm the probate court's dismissal of appellant's "Petition to Amend the Conditions of Release."

All concur.