In the Matter of the CARE AND
TREATMENT OF Gerald
PERKINS.

No. ED 85247.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 1, 2005.

Emmett D. Queener, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, Asst. Atty. Gen., Jefferson City, MO, for respondent.

MARY K. HOFF, Presiding Judge.

Gerald Perkins (Offender) appeals the judgment of the Circuit Court of Franklin County, probate division (probate division), probate court's judgment and order committing Offender to secure confinement in the custody of the Department of Mental Health (DMH) as a sexually violent predator, pursuant to Section 632.480 et seq., RSMo 2004.[1] We affirm.

In his sole point on appeal, Offender claims the trial court abused its discretion in denying his motion to dismiss for lack of jurisdiction the State's petition (petition) to commit Offender to DMH as a sexually violent predator. Offender argues the probate division lacked jurisdiction to proceed to trial on the petition because Offender was already committed to DMH's custody at the time the petition was filed.

We review a trial court's refusal to dismiss on jurisdictional grounds for an abuse of discretion. *Wibberg v. State* 957 S.W.2d 504, 506 (Mo.App. W.D.1997). We find an abuse of discretion when a trial court's ruling clearly violates the logic of the circumstances or is arbitrary or unreasonable. *Id.*

Section 632.480 et seq. applies to the civil commitment of sexually violent predators (SVP). Section 632.480(5) defines a SVP as:

any person who suffers from a mental abnormality which makes the person

1. All subsequent statutory references are to RSMo 2004.

more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who:

> (a) Has pled guilty or been found guilty, or been found not guilty by reason of mental disease or defect pursuant to section 552.030, RSMo, of a sexually violent offense. . . .

Section 632.483 requires an agency, such as DMH, to notify the attorney general in writing when it appears that an individual in the agency's custody may meet the SVP criteria. Section 632.483.1. After the attorney general is so notified and a prosecutor's review committee has determined that the individual meets the SVP definition, the attorney general may file a petition in the probate division of the circuit court in which the person was convicted or committed alleging that the person is a SVP. Section 632.486.

Offender does not dispute that he was found not guilty by reason of mental disease or defect, pursuant to Section 552.030, RSMo, of the sexually violent offense of sodomy in the Circuit Court of Franklin County, Missouri, or that Offender is currently confined in the custody of DMH. Offender's sole argument challenges the jurisdiction of the probate division to entertain the petition.

Two districts of our court have considered arguments similar to Offender's and rejected them. In *Barlow v. State*, 114 S.W.3d 328 (Mo.App. W.D.2003), the Western District addressed a situation where the probate division dismissed a SVP petition under the doctrine of "concurrent jurisdiction." In *Barlow*, the offender had been committed to DMH in 1973 by the Circuit Court of Jackson County under the Criminal Sexual Psychopath (CSP) Act. *Id.* at 330. In 2000, the attorney general filed a petition in the probate division the Circuit Court of Jackson County seeking Barlow's commitment under the SVP Act. *Id.*

The probate division dismissed the petition for lack of jurisdiction under the doctrine of "concurrent jurisdiction" because Barlow was still under the jurisdiction of the Circuit Court of Jackson County under the CSP Act. *Id.* at 330–31. However, the Western District disagreed with the probate division's determination, recognizing that jurisdiction over a person could be had in many courts as long as the courts were not attempting to adjudicate the same issue in controversy. *Id.* at 334. The Western District, noting that Section 632.486 prescribed venue in the probate division of the circuit court that committed the offender, concluded that venue was proper in the probate division of the Circuit Court of Jackson County. *Id.* at 333. The Western District vacated the probate division's dismissal judgment and remanded the case. *Id.* at 335.

The Southern District also has addressed the concurrent jurisdiction challenge to a probate division's jurisdiction to commit an offender to the custody of DMH as an SVP. *In the Matter of Lieurance*, 130 S.W.3d 693 (Mo.App. S.D.2004). In *Lieurance*, the offender likewise argued that the probate division lacked jurisdiction to commit him as an SVP because he remained under the jurisdiction of the circuit court that originally committed him as a CSP in 1979. *Id.* at 695, 697. The Southern District followed the holding of *Barlow*, concluding the SVP statute "unambiguously" conferred jurisdiction over Lieurance to the probate division of the circuit court "notwithstanding the continuing jurisdiction of the court that committed him as a CSP[.]" *Id.* at 699.

We agree with the holdings of *Barlow* and *Lieurance*. Section 632.486 clearly vests jurisdiction over SVP petitions in the probate division of the circuit court that originally committed such individuals who were found not guilty of sexually violent

offenses by reason of mental disease or defect, pursuant to section 552.030. Thus, the SVP statute conferred jurisdiction over Offender to the probate division. We find no abuse of discretion. Point denied.

The judgment is affirmed.

CLIFFORD H. AHRENS, Judge and PATRICIA L. COHEN, Judge, Concur.