STATE of Missouri, Respondent,

v.

Carlos GARNER, Appellant.

No. 56244.

Supreme Court of Missouri,
Division No. 2.

June 12, 1972.

**240**

John C. Danforth, Atty. Gen., Richard S. Paden, Asst. Atty. Gen., Jefferson City, for respondent.

Brick P. Storts, III, Ackerman, Schiller & Schwartz, Clayton, for defendant-appellant.

HOUSER, Commissioner.

Original appeal by Carlos Garner from a 2-year sentence on conviction of child molestation, § 563.160, RSMo 1969, V.A.M.S., following trial to the court sitting without a jury.

The first question is whether the court erred in admitting in evidence, over defendant's objection, testimony of witnesses for the State that at the time of his arrest defendant made the statement that he was a homosexual. The question arose in this manner: Defendant took the stand. On cross-examination defendant denied that he told the police that he was a homosexual and asserted that the mother of the complaining witness made that statement. In rebuttal the State called the mother and two police officers, all three of whom testified that in their presence defendant stated that he was a homosexual. Defendant claims that this testimony of these three witnesses was inadmissible for the assigned reason that it was not a part of the res gestae. The suggested reason for excluding this testimony is unsound and irrelevant. The testimony was not offered and its admission is not defended on the ground that the statement was made as a part of the res gestae. Defendant having been given his constitutional warnings, and there being no question as to the voluntariness of the statement, the testimony in question was admissible not only as rebuttal testimony but also as an admission against interest, to show defendant's propensity to commit the act with which he was charged.

Exception is taken to the action of the trial judge "in questioning the complaining witness from the bench as to prior conduct of the defendant toward the complaining witness; and as to certain questions that the Court asked of the defendant that were beyond the scope of the direct examination by the Circuit Attorney and prejudicial to the defendant." In the argument portion of his brief defendant claims that the trial judge "as can be seen by the transcript, rehabilitated not only the complaining witness by various other witnesses called by the State" but, other than what follows below, makes no transcript reference to any allegedly rehabilitating questions asked by the trial judge. The following appears on pages 26 and 27 of the transcript:

"THE COURT: Ronald, you wouldn't tell the Court anything but the absolute truth, would you?

"A No, sir.

"THE COURT: You would tell me only the truth?

"A Yes, sir.

"THE COURT: This is a man that laid on top of you, is that correct?

"A Yes, sir.

"THE COURT: There isn't any question in your mind it was anybody else?

"A No, sir.

"THE COURT: Nobody else was in the house at the time, is that correct?

"A No, sir.

"THE COURT: Did he ever do this before, either at your home or his home before?

"A He tried it once.

"MR. STORTS: I will object to that.

"MR. KITCHIN: Let me say this—

"MR. STORTS: I will object to that.

"THE COURT: Withdraw it.

"MR. KITCHIN: Prior action might be admissible.

"THE COURT: Just a minute, withdraw the question the Court asked and stack it. Mr. Gore, expunge it from the record. Is that all, gentlemen?

"MR. KITCHIN: That is all I have.

"MR. STORTS: I will have to, for the purposes of the record, request the Court to not only strike it from the record but to declare a mistrial at this point. We have introduced an offense other than the one alleged in this indictment into the record, and I would like to make—

"THE COURT: Overruled, you may step aside."

We conclude that the foregoing does not vitiate this trial. The first five questions may readily be interpreted as inquiries testing the credibility of the testimony of this 11-year-old complaining witness; inquiries made in an attempt to reach the proper judgment on the question whether the boy was telling the truth and to satisfy the court on the question whether the molestation actually occurred, and whether defendant was the actual molester. These inquiries do not demonstrate partiality on the part of the judge, or that he had formed an opinion that defendant was guilty, or that he had determined that the complaining witness was telling the truth or that defendant was not. As soon as objection was made to the sixth question relating to previous improper relations with the boy the trial judge "withdrew" the question and ordered the court reporter to "expunge it from the record" (evidently meaning to expunge both question and answer). Prejudicial error did not occur, as charged. In the first place, the evidence was admissible to show the relationship between the parties, "and as tending to show the probability that the parties committed the specific act charged. They constitute the foundation of an antecedent probability or of a corroboration." State v. Hersh, Mo.Sup., 296 S.W. 433, 436 [11] (rape of 13-year-old daughter); State v. Baker, 318

Mo. 542, 300 S.W. 699 (a rape case). In the second place it is a fair inference, from the action taken by the court when objection was made, that the judge (the *sole trier of the facts in this case*) not only expunged the question and answer from the record but also excluded the matter from his mind in determining the question of guilt or innocence.

 Finally, defendant raises the question of the sufficiency of the evidence to establish beyond a reasonable doubt that he was guilty of the offense charged or that the offense took place on the date charged. While not disputing that the complaining witness testified to facts which if true constitute a violation of § 563.160, defendant argues that the only evidence is the uncorroborated evidence of a minor child 11 years of age; that his testimony at the trial did not correspond with that given by way of deposition (without specifying in what particulars); that his testimony as to the date of the offense was uncertain; and his testimony that he felt no pain when defendant's organ was thrust halfway into his rectum, and the testimony that an examination the next day revealed no evidence of injury to his rectum, show that there was no evidence demonstrating guilt beyond a reasonable doubt. A conviction of child molestation may be had on the uncorroborated testimony of the complaining witness, where the testimony of the complaining witness is not inherently improbable or unworthy of credence. It is the exclusive province of the trier of the facts to weigh the evidence and determine the facts, and where the conviction is based upon probable testimony the reviewing court will not interfere with the verdict. The complaining witness' uncertainty as to the date of the offense (February 13, 14 or 15) is not sufficiently important to upset this conviction, since the crime testified to was the same crime as that charged in the information. Where, as here, the discrepancies in the testimony of the complaining witness are minor and inconsequential, and the witness' testimony is suf-

ficient to make a case, it is for the judge to determine the facts from the evidence and the reviewing court is bound by his judgment. State v. Martin, Mo.Sup., 275 S.W.2d 336, 338 [5, 6].

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the Court.

MORGAN, P. J., HENLEY and DONNELLY, JJ., and BILLINGS, Special Judge, concur.