STATE of Missouri, Respondent,

v.

Larry Michael BASCUE, Appellant.

No. 54870.

Supreme Court of Missouri,
Division No. 2.

Oct. 9, 1972.

John C. Danforth, Atty. Gen., Y. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Lloyd F. Dieckman, Pohlmann & Dieckman, Kansas City, for appellant.

HOUSER, Commissioner.

Larry Michael Bascue, charged with statutory rape of his 14-year-old stepdaughter, waived a jury, submitted his case to the court sitting without a jury and was found guilty. Sentenced to 3 years' imprisonment, Bascue has appealed. This Court has jurisdiction under Section 3 of Article V, Constitution of Missouri, 1945, V.A.M.S., as provided by that section prior to the amendment adopted at the special election of August 4, 1970, since the notice of appeal was filed prior to January 1, 1972. Article V, § 31.

Appellant's first point is that the court erred in admitting testimony of prior acts of misconduct. The testimony objected to is that of prosecutrix that on occasions when her mother was not present at the home, beginning when prosecutrix was 9 years of age, appellant started "messing around" with her, that is, with both of them undressed and in the bedroom appellant, with his hand, would play with her private parts—with "that which was between [her] legs." Also he would use his private part—"the thing between his legs" —by putting it between her legs and against her privates and "just sort of move it back and forth," without putting it inside her. Later, after she attained age 12, he would have intercourse with her by putting his private part into hers, actually penetrating her body. This occurred once or twice a week. The specific charge was that of carnally knowing and abusing the girl on June 22, 1968. Appellant argues that the acts of "messing around" and playing with her private parts are not so interrelated with the charge of rape as to come within the exception to the general rule of inadmissibility of other crimes, under which exception evidence of other of-

fenses is admissible when their proof may tend to establish motive or intent, or a common scheme or plan embracing the commission of separate similar offenses so interrelated to each other that proof of one tends to prove the other. Appellant maintains that the prior acts in question constitute nothing more than child molestation, are not reasonably related to the charge of statutory rape on June 22, 1968, and are remote in point of time; that by their admission in evidence appellant was placed on trial for acts with which he was not charged, in violation of his rights under state and federal constitutional provisions, and that his alibi defense was thereby nullified under the ruling in State v. Chittim, Mo.Sup. (1953), 261 S.W.2d 79, 80, and like cases.

■ The acts in question are reasonably related to the charge. In cases of statutory rape not only are prior acts of intercourse between accused and prosecutrix admissible in evidence as tending to show the relationship between the parties and the probability that the parties committed the specific act charged (as constituting "the foundation for an antecedent probability"), or as corroborative evidence, State v. Akers, Mo.Sup., 328 S.W.2d 31, and cases cited l.c. 34; State v. Baker, 318 Mo. 542, 300 S.W. 699, but evidence of prior acts of "lascivious familiarity between the parties, not amounting to actual intercourse" but showing the state of intimacy between them, is admissible for the same reasons. State v. Akers, supra, 328 S.W.2d l.c. 33[5]. In State v. Cooper, Mo.Sup., 271 S.W. 471, 474[7], a statutory rape case, evidence of prior acts of fondling the person of prosecutrix, "fingering" her privates and a prior partial effort to accomplish the sexual act was held properly admitted (over objection that it permitted proof of assaults of defendant upon prosecutrix other than the one mentioned in the information) to show the disposition and inclination of prosecutrix and defendant to commit the act charged in the information. After stating that such acts constitute the foundation of an antecedent probability the

court reasoned that "prior amorous acts, which ordinarily precede the sexual act, although actually constituting assaults and therefore separate offenses, may properly be shown for the same reason." The rule had recent application in State v. Garner, Mo.Sup., 481 S.W.2d 239[4], a child molestation case.

■ The objection that evidence of prior acts nullified appellant's alibi defense and placed him on trial for acts with which he was not charged (in support of which appellant cites State v. Chittim, supra; State v. Campbell, 324 Mo. 249, 22 S.W.2d 645) is not well taken. In each of those cases the cause was submitted to a jury under an instruction authorizing a conviction if the jury found defendant guilty of rape on the alleged date "or at any time within three years next before the filing of the information." In those cases the instruction did effectively nullify the defense of alibi, because the defense was confined to one particular date. Not so here, where the case was submitted to the court sitting without a jury, without any instructions giving the fact-finder a wide range of choice as to the time of the commission of the offense; where appellant was charged with one particular offense on June 22, 1968 and the court's findings of fact conclusively demonstrate that appellant was convicted of one particular assault specifically found by the court to have occurred on June 22, 1968 between 7 a. m. and 10 a. m. Clearly in this case appellant was not convicted of any of the prior acts of misconduct but was found guilty only of the crime with which he was charged, namely, rape on June 22, 1968. See State v. Shumate, Mo.Sup., 478 S.W. 2d 328, 329[1]. Therefore appellant's alibi defense, which was directed to that particular date, was not nullified by the evidence of prior acts of misconduct.

■ The objection on the basis of remoteness of time is untenable because this factor affects only the weight, not the admissibility, of the testimony. State v. Sim-

erly, Mo.Sup., 463 S.W.2d 846, l.c. 848[2]. The improprieties in this case commenced about five years prior to the date of the offense for which appellant was tried. In State v. Richardson, 349 Mo. 1103, 163 S.W.2d 956, evidence of antecedent rapes which occurred seven years previously was held admissible. Furthermore, the evidence demonstrates a pattern of sexual misconduct of frequent occurrence, continuing over an extended period, culminating in the carnal abuse on June 22, 1968.

■ Appellant's next point raises the question whether the court erred in admitting evidence of the several prior acts of misconduct for the reason that these offenses were barred by the 3-year statute of limitations, § 541.200, RSMo 1959, V.A.M.S., which prohibits prosecution, trial or punishment for any felony unless prosecution is commenced within three years after the commission of such offense. The difficulty with this contention is that appellant was not "tried, or prosecuted or punished" for the prior offenses. Section 541.200 imposes no restriction on the admission in evidence of offenses barred by the limitation statutes. State v. Johnson, Mo.Sup., 225 S.W. 961, cited in support of appellant's position, is distinguishable on the facts. It involved an offense barred by the 3-year statute of limitations (whereas there was and is no limitation period on the instant charge of statutory rape, § 541.190, RSMo 1959, V.A.M.S.). Furthermore, Johnson has been overruled by implication by subsequent decisions.

Finally, appellant argues that the conviction is erroneous because in conflict with clear, uncontroverted and unimpeached evidence that appellant was at work at his place of employment at the time the court found he committed the offense and therefore it was impossible for him to have been guilty of this crime. A review of the evidence, viewed in the light most favorable to the State and rejecting all evidence to the contrary, State v. Stockdale, Mo. Sup., 415 S.W.2d 769[1], demonstrates that the court's findings and conclusions, which have the force and effect of a jury verdict, State v. Hatfield, Mo.Sup., 465 S.W.2d 468, are supported by sufficient evidence.

Judgment affirmed.

STOCKARD, C., concurs.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.