**STATE ex rel. George A. PEACH, Circuit Attorney, City of St. Louis, State of Missouri, Relator,**

v.

**The Honorable Lackland H. BLOOM, Judge, Circuit Court of City of St. Louis, State of Missouri, Respondent.**

No. 61194.

Supreme Court of Missouri, En Banc.

Feb. 16, 1979.

James K. Steitz, Thomas M. Daly, Asst. Circuit Attys., St. Louis, for relator.

James W. Whitney, Jr., Clayton, for respondent.

SIMEONE, Judge.

This is an original writ in prohibition to prohibit the respondent from entering an order denying the relator's motion to prove a prior conviction in a cause pending in the respondent's court involving an offense committed prior to January 1, 1979.

The issue in this case is whether the Second Offender Act, § 556.280, RSMo 1969, which was repealed by the new criminal code, RSMo Supp.1977, effective January 1, 1979 is applicable to an offense committed prior to the effective date of the Code when the defendant is tried after such effective date.

The facts are not complex. On June 8, 1978, James Harris was charged with assault with intent to kill with malice and with one prior conviction. The offense for which he was charged was committed on May 9, 1978. On January 2, 1979 the cause was assigned to the respondent-judge. The relator sought to prove that Harris was a second offender subject to the provisions of the Second Offender Act, § 556.280. The attorney for Harris objected to proceeding under that act on the grounds that (1) the Second Offender Act was repealed effective December 31, 1978, and (2) the "persistent" and "dangerous offender" provisions of the new criminal code, § 558.016 effective January 1, 1979 are not applicable to an offense committed prior to the code. Respondent ruled that unless prohibited from doing so, he would deny the State's motion to prove a prior conviction. On January 5, 1979, relator filed a petition for a writ of prohibition with the Missouri Court of Appeals, Eastern District, which granted a preliminary writ and recommended transfer to this court prior to opinion. We granted transfer. We have jurisdiction under Art. V, § 10, Mo. Const.

The precise issue which we must determine is whether the Second Offender Act, § 556.280 which was repealed is applicable to a defendant who allegedly committed an offense prior to January 1, 1979 but who is not tried until after that date so that the trial court may utilize the provisions of the Second Offender Act.

Relator argues that the provisions of the repealed Second Offender Act are still applicable to criminal offenses occurring prior to January 1, 1979 when trial occurs thereafter because § 556.031(3) of the new Code provides:

"3. The provisions of this code do not apply to or govern the construction of and punishment for any offense committed prior to January 1, 1979, or the construction and application of any defense to a prosecution for such an offense. *Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this code had not been enacted, the provisions of section 1.160, RSMo, notwithstanding.*" (Emphasis added).

Section 1.160, RSMo 1969 provides:

"No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses and

the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except (1) that all such proceedings shall be conducted according to existing laws; and (2) that if the penalty or punishment for any offense is reduced or lessened by any alteration of the law creating the offense, the penalty or punishment shall be assessed according to the amendatory law."

The respondent argues that the savings clause in § 556.031 ("the provisions of section 1.160, RSMo, notwithstanding") has reference to the range of punishment for the crime and substantive matters which must be determined by the pre-code law, but that the "proceedings" or trial shall be conducted under the "existing laws".

The respondent takes the position that the repeal of § 556.280 means that it does not apply to any case tried after January 1, 1979 and that § 556.031(3) is directed toward "negating any reduction of punishment for crimes committed before January 1, 1979 but tried after that date."

The new criminal code introduced a new concept relating to "persistent" and "dangerous offenders". Section 558.016, RSMo Supp.1977 provides that the court may sentence a person who has pleaded guilty or has been found guilty of a class B, C, or D felony to an extended term of imprisonment if it finds the defendant is a persistent or dangerous offender. Subsection 4 of that act provides for the total authorized maximum terms of imprisonment.

Respondent contends that the savings clause in § 556.031(3) referring to § 1.160 applies only to the substantive range of punishment to which the old law is applicable, but that the "proceedings" in § 1.160 should be according to existing law limited by the pre-code range of punishment so that the repealed Second Offender Act is not applicable.

■ There seems to be no doubt that under the authorities that our recently repealed Second Offender Act, is procedural in nature. In *State v. Griffin,* 339 S.W.2d

803 (Mo.1960) the defendant committed an offense in November, 1958. A "new" Second Offender Act became effective August 29, 1959. Trial of the defendant occurred in September, 1959. Under the "old" Offender Act the prior conviction was presented to the jury and the jury fixed the punishment. Under the 1959 amendment the prior conviction was heard and determined by the trial judge. No increase in punishment was provided. The appellant contended that the court, in assessing punishment under the amended Second Offender Act violated his constitutional and statutory rights by depriving the jury of the right to pass on the issue of his prior convictions and the right to assess his punishment under § 556.280 as of the date of the offense and prior to its repeal. This court held that the Second Offender Act was procedural in nature and that the trial after the effective date of the law did not violate any rights of the defendant. *See also State v. Morton,* 338 S.W.2d 858, 863 (Mo.1960), *State v. Adamson,* 346 S.W.2d 85, 87 (Mo. 1961).

■ The Second Offender Act therefore being procedural in nature, the issue then becomes whether that act may be applied to this proceeding—an offense occurring prior to January 1, 1979 but trial held thereafter. We must determine this from the language used by the General Assembly in adopting the new code. The primary principle and the primary rule of construction is to ascertain the intention of the General Assembly from the words used in the statute in order to effectuate the true intent of the legislature. See cases collected in 26 Mo. Digest, Statutes, ⊜181.

■ We believe that absent any savings clause in a statute, such as existed in *Griffin* and *Morton,* the procedural Second Offender Act would be inapplicable to a proceeding tried after the effective date of an amendatory law, but we believe it is clear that the intent of the General Assembly in enacting § 556.031 was to make the provisions of law existing prior to the new criminal code relating both as to punishment and to "proceedings" applicable to all offenses

committed prior to January 1, 1979. That is, § 556.031 by providing within the confines of the statute a savings provision that § 1.160 is not applicable, the Second Offender Act as it existed prior to January 1, 1979 is the proper and applicable statute to be applied. Section 556.031, subsection 3 shows the clear intent of the General Assembly that the provisions of law relating to "proceedings" and "substance" in effect prior to the code would remain effective and applicable.

We therefore hold that the Second Offender Act, § 556.280 in effect prior to January 1, 1979 is applicable to this proceeding where the offense was committed prior to that date but trial is held thereafter.

■ Prohibition is the proper remedy. *State ex rel. Vogel v. Campbell,* 505 S.W.2d 54, 58 (Mo.1974).

The preliminary writ heretofore issued is made permanent.

All concur.