STATE of Missouri, Respondent,

v.

Robert RICE, Appellant.

No. 41530.

Missouri Court of Appeals, Eastern District, Division Three.

July 29, 1980.

Robert C. Babione, Public Defender, Nick A. Zotos, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, John M. Morris, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Defendant was tried by a jury for the offenses of attempted first degree robbery and armed criminal action. He was found guilty of the attempted robbery charge and acquitted on the armed criminal action. Under the Second Offender Act, the court sentenced defendant to serve a term of five years in the Department of Corrections. Defendant appeals. We affirm.

The crime for which defendant was convicted occurred on August 5, 1978, at which time the Second Offender Act, § 556.280,

RSMo 1969, was in effect.[1] At trial, the state introduced evidence which indicated that on November 23, 1959, defendant was convicted on the charge of second degree burglary and stealing. Defendant's counsel objected to the admission of this conviction for purposes of the Second Offender Act contending that since the conviction occurred approximately 20 years before the present conviction, it was too remote. The court overruled defendant's objection.

Prior to the presentation of defendant's case, defense counsel made a motion in limine to exclude the testimony as to defendant's prior conviction for impeachment purposes based upon the remoteness issue. The motion in limine was overruled.[2]

On appeal, defendant raises two points involving the previous conviction of the defendant. He first contends that the trial court erred in overruling his motion in limine to exclude the impeachment testimony. This point has not been preserved for appellate review in that it was not raised in his motion for new trial. *State v. Collett*, 542 S.W.2d 783, 785 (Mo.banc 1976). Regardless, the point is without merit.

Section 491.050, RSMo 1978 reads as follows:

Any person who has been convicted of a criminal offense is, notwithstanding, a competent witness; but the conviction may be proved to affect his credibility, either by the record or by his own cross-examination, upon which he must answer any question relevant to that inquiry, and the party cross-examining shall not be concluded by his answer.

Section 546.260, RSMo 1978 provides that if a defendant testifies in his own behalf he "may be contradicted and impeached as any other witness in the case." These two sections have been interpreted as conferring an absolute right to show prior convictions which affect credibility for impeachment

---

1. The Missouri Supreme Court held in *State ex rel. Peach v. Bloom*, 576 S.W.2d 744 (Mo.banc 1979) that "the provisions of law existing prior to the new criminal code relating both as to punishment and to 'proceeding'" are applicable to all offenses committed prior to January 1, 1979. *Id.* at 746-47.

2. During trial, defense counsel himself questioned the defendant about the conviction.

purposes. *State v. Busby*, 486 S.W.2d 501, 503 (Mo.1972).

Defendant's next point is that the court erred in finding that defendant was a second offender because of the remoteness of the twenty year sentence. The challenge of remoteness is invalid. "The Second Offender Act places no time limit within which the previous conviction shall have occurred . . . ." *State v. Phillips*, 511 S.W.2d 841, 843 (Mo.1974).

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.