**STATE of Missouri, Plaintiff-Respondent,**

v.

**Carl HARRIS, Jr., Defendant-Appellant.**

**No. 41832.**

Missouri Court of Appeals, Eastern District, Division Two.

Feb. 24, 1981.

Arthur S. Margulis, William P. Grant, Clayton, for defendant-appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Steven W. Garrett, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Judge.

Defendant Carl Harris, Jr., was found guilty by a jury of two sexual offenses committed against his daughter Kolicia R.

Harris. Under Count I of the indictment he was charged and convicted of statutory rape and under Count II he was charged and convicted of the offense of sodomy. He was sentenced to fifty years imprisonment on each count, the sentences to run consecutively. According to evidence favorable to the conviction, the acts occurred at a motel where defendant had checked in and had brought both his daughters on the 4th of July vacation so that they might swim in the pool.

Prejudicial trial court error is charged in point one of defendant's brief by reason of the failure of the court to submit for the jury's consideration MAI—CR 3.60, an instruction relating to the jury's limited consideration of evidence of other crimes. The reason advanced is not in failing to give this instruction after a request, because such a request was never made. Rather it is for the reason that without such an instruction, the jury was not cautioned to consider the limited admissibility of the evidence of other sexual occurrences between the defendant and the victim. It is urged the admissibility of evidence of other acts of sexual abuse without the instruction causes manifest injustice, denying appellant a fair trial in that the jury without this instruction was not advised that such evidence could not be considered in determining the presence of defendant and the alleged victim at the motel where the crimes charged occurred. The importance of such an instruction is urged because the defense was an alibi and defendant complains such evidence of the other acts should not have been used by the jury in determining whether he was at the motel where the acts on which the charges were based also occurred.

■ We do not find the trial court committed error, either plain or otherwise, when it did not instruct on the limited admissibility of other sexual abuse. Under Missouri law such conduct has been held admissible to prove and make more probable the fact that the defendant did commit the specific offenses charged. In cases of statutory rape prior acts of intercourse between the accused and the prosecutrix are admissible in evidence to show the relationship between the parties and the probability that the parties committed the specific act charged or as corroborative evidence. *State v. Bascue,* 485 S.W.2d 35, 37[2] (Mo.1972). Prior acts of sexual familiarity between the parties not amounting to actual intercourse are also admissible for the same reasons. *State v. Bascue, supra* at 37[3]. The evidence here of such other acts was relevant to show defendant was at the motel with the victim and committed the acts of which he was accused. No limiting instruction should have been given even if requested. The objection that the evidence of prior acts nullifies an alibi defense is not well taken. *State v. Bascue, supra* at 37[4]. This point is ruled against defendant.

■ Defendant next contends that the trial court committed error in sentencing him under the Second Offender Act, § 556.-280, RSMo 1969, to fifty years imprisonment for statutory rape and fifty years imprisonment for sodomy to run consecutively because the acts were committed in 1977 and the trial was held in 1979. This contention is based upon the circumstance that the Second Offender Act was repealed by the new criminal code as of January 1, 1979. Laws 1977, p. 658. The new code provides a maximum penalty for rape of thirty years under § 566.030(2), RSMo 1978, and for sodomy, thirty years under § 566.-060(2), RSMo 1978. Appellant contends that the Second Offender Act is procedural in nature; and because it has been repealed and replaced by § 558.016, RSMo 1978, authorizing extended terms for dangerous offenders, the old maximum terms of fifty years do not apply. Defendant mainly relies for this assertion upon § 1.180, RSMo 1978, which reads:

"No action or plea, pending at the time any statutory provisions are repealed, shall be affected by the repeal; but the same shall proceed, in all respects, as if the statutory provisions had not been re-

pealed, except that all proceedings had after the repeal becomes effective are governed by procedural rules and laws then in effect, insofar as they are applicable."

The answer to this contention may be found in *State v. Crow*, 600 S.W.2d 162, 166[8] (Mo.App.1980) which rules directly on this point. The court determined that the decision in *State ex rel. Peach v. Bloom*, 576 S.W.2d 744, 747 (Mo. banc 1979), although it did not expressly consider § 1.180, *supra*, ruled that § 1.160, RSMo 1978, having to do with the effect of repeal of a penal statute, did not apply in view of the express intention of the legislature spelled out in § 556.-031, RSMo 1978, which in referring to offenses committed prior to January 1, 1979, states:

"Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this code had not been enacted, the provisions of section 1.160, RSMo, notwithstanding."

This point is ruled against defendant.

For the reasons heretofore given, the judgment and sentences of the court are affirmed.

PUDLOWSKI, P. J., and GUNN, J., concur.