**STATE ex rel. Randy COOPER, Plaintiff,**

v.

**Alvin RANDALL and Susan Stanton, Defendants.**

**No. WD 32946.**

Missouri Court of Appeals, Western District.

Feb. 2, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 2, 1982.

Lloyd Koelker, Asst. Public Defender, Kansas City, for plaintiff.

Donna V. Fischgrund, Asst. Pros. Atty., Kansas City, for defendants.

Before SOMERVILLE, C. J., and SHANGLER, PRITCHARD, WASSERSTROM, TURNAGE, CLARK and KENNEDY, JJ.

ORIGINAL PROCEEDING IN HABEAS CORPUS

SHANGLER, Judge.

The petitioner Cooper brings a proceeding in habeas corpus on the complaint that he is unlawfully restrained by the Jackson County jailer. The petitioner is held in custody under a commitment by the circuit judge in execution of sentence upon revocation of probation. The term of probation of the petitioner was extended under the authority of § 549.071 on June 18, 1979, and then revoked. The petitioner contends that § 549.071 was effectively repealed prior to the date of extension, and so was discharged from probation by operation of law on June 21, 1979, when the original term of probation expired without event. Cooper seeks to give effect to that discharge by the writ of habeas corpus.

The petitioner Cooper entered pleas of guilty on July 21, 1977, to two counts of the possession of a controlled substance and was sentenced to concurrent two-year terms. The execution of the sentences was suspended and the petitioner was placed on probation for two years on conditions. On June 18, 1979, the circuit judge extended the probation for an additional three years

under § 549.071. The petitioner was then convicted of negligent manslaughter and, on July 20, 1981, the circuit judge revoked probation. The petitioner contended on that hearing, as he contends by habeas corpus, that § 549.071 was repealed on January 1, 1979, and so the circuit judge was without authority in June of 1979, to extend the term of probation by a procedure already null.

The original grant of probation, after confession of guilt by plea, was entered on July 21, 1977, under the power conferred on a court by § 549.061. The extension of the term of probation for an additional three years was exercised on June 18, 1979, under the power conferred on a court by § 549.-071. That enactment reads, inter alia:

    1. ... In the case of a felony offense no probation under this chapter shall be granted for a term of less than one year, and no probation shall be granted for a term of longer than five years ... The court may extend the term of the probation, but no more than one extension of any probation may be ordered.

In year 1977 the General Assembly reconstituted [with some exception] the criminal statutes of the state into a single coherent code of law for prospective effect on January 1, 1979. The legislative instrument for that enactment was Senate Bill 60. The new criminal code enacted two hundred twenty-two new sections in lieu of statutes on the same subject massively repealed. One subject of the Senate Bill 60 repealer and enactment anew was Probation chapter 559. The provisions of that new chapter neither empower nor prohibit an extension of probation. The plaintiff Cooper contends that the legislative history of Senate Bill 60 shows that § 549.071 was repealed—and with that rescission, the power of a court to extend a term of probation lapsed on January 1, 1979.

The career of Senate Bill 60 as reported in the official journals of the General Assembly discloses that the repeal of § 549.-071 was declared in the title of the bill but not as a subject enacted. Thus, Senate Bill 60, as truly agreed on and finally passed, did not formally enact a repeal of § 549.-071.[1] Mo.Const. Art. III, §§ 22 and 23 (1945 as amended). The plaintiff contends that the neglect to include § 549.071 within the subject matter of the enactment clause of the repeals notwithstanding, the clear intent of the legislative history to nullify § 549.071 should be given effect—or, if not as a repeal by explicit enactment, then as a repeal by implication. To the contention of explicit repeal by legislative intent, we say only that intent is no substitute for enactment, especially where the criminal law is concerned. *State v. Eye*, 415 S.W.2d 729, 730[1] (Mo.1967); 1A C. Sands, Sutherland Statutory Construction § 18.07 (4th ed. 1972). To the contention of repeal by impli-

---

1. Senate Bill 60 as originally filed on January 5, 1977, did not undertake to repeal § 549.071. [Senate Journal, First Regular Session, 79th General Assembly, Vol. I, pp. 29–31]. That essential version of Senate Bill 60 passed the Senate on March 17, 1977. [Senate Journal, pp. 632 et seq.] The bill was announced in the House on the same day as passage in the Senate. [House Journal, First Regular Session, 79th General Assembly, Vol. I, pp. 1126 et seq.] On May 12, 1977, the House Judiciary Committee passed twenty-one amendments to Senate Bill 60. House Committee Amendment 21 amended Senate Bill 60 to include § 549.071 as a repealed section in the title of Senate Bill 60. [House Journal, pp. 1674–1677]. The amendment was adopted by the entire House on June 7, 1977. [House Journal, p. 2075]

    The Senate and House designated a Conference Committee on June 9, 1977 [House Jour-

nal, p. 2211; Senate Journal, p. 1500], and on June 14, 1977, the Conference Committee recommended that the House withdraw House Committee Amendment 21, and in its place adopt Conference Committee Amendment 6 to amend Senate Bill 60 to include § 549.071 as a repealed section in the title of Senate Bill 60. [House Journal p. 2463; Senate Journal, p. 1623]. The Senate adopted Amendment 6 [Senate Journal, p. 1626] and the House followed suit [House Journal, p. 2467] The bill was duly signed by the Governor, and as signed listed § 549.071 in the title as repealed, but not in the enactment clause. In recapitulation, the original Senate Bill 60 did not provide to repeal § 549.071, the conference committee inserted a repeal into the title, but the bill as truly agreed on and finally passed, and as signed by the Governor, did not enact the repeal declared in the title.

cation,[2] the criminal code by plenary declaration excludes from its terms encompassed offenses committed *before* January 1, 1979. The code states:

> Section 556.031. Application to offenses committed before and after enactment.
>
> \*     \*     \*     \*     \*     \*
>
> 3. The provisions of this code do not apply to or govern the construction of and punishment for any offense committed prior to January 1, 1979, or the construction and application of any defense to a prosecution for such an offense. *Such an offense must be construed and punished according to the provisions of law existing at the time of the commission thereof in the same manner as if this code had not been enacted, the provisions*

**2.** The argument that subsequently enacted sections of the criminal code are so repugnant to § 549.071 to render that statute null by an implied repeal has cogency. [See *State ex rel. McNary v. Stussie*, 518 S.W.2d 630 (Mo. banc 1974) for a statement of the repeal by implication principle.] Virtually all of the subject matter of § 549.071 is depleted by later and contradictory provisions of the Probation chapter 559 of the criminal code:

§ 559.012 allows a court to place a defendant on probation without the qualification of § 549.071 of "previous good character."

§ 559.016 fixes the terms of probation at not less than one year to not more than five years for a felony [*idem*, § 549.071]; at not less than six months and not more than two years for a misdemeanor [one year–two years, § 549.071]; at not less than six months and not more than one year for an infraction [no such classification in § 549.071].

§ 559.021 requires that the court fix conditions of probation at discretion [an essential provision of § 549.071] but also that the court give the defendant a certificate of the statement of the conditions of probation [altogether beyond the content of § 549.071] and also grants the court power to modify or enlarge the conditions of probation any time during the term [an authority neither § 549.071 nor any other pre-Code provision suggests].

There remains ostensibly intact to § 549.071 only the clause in contention: "The court may extend the term of probation ...." The scheme of the Duration of Probation Code § 559.036 contradicts purpose to impose any more than a single term of probation. Thus, multiple terms of probation, whether imposed at the same or different times, run concurrently

*of section 1.160, RSMo, notwithstanding.* [emphasis added]

The direction of that section that an offense committed before the effective date of the code—January 1, 1979—be construed and punished according to the then extant law affects the gamut of the criminal proceeding from prosecution [*State v. Thompson*, 588 S.W.2d 36, 38[5] (Mo.App.1979)] to conviction and punishment [*State ex rel. Peach v. Bloom*, 576 S.W.2d 744, 746[3] (Mo. banc 1979)] to the incident of eligibility for parole [*Parrish v. Wyrick*, 589 S.W.2d 74, 79[6, 7] (Mo.App. banc 1979)]. Nor [in the terms of argument] does § 556.031.3 preserve to a prosecution only the "substantive" components of a criminal statute repealed by the Code so as to cede the "procedural" incidents of that offense—a permissible term of probation,[3] among them—to the Code

under Code § 559.036. Also, although that section allows a court to discharge a successful probation before the end of a term, an unsuccessful probation may be only continued on the same or enlarged conditions until the end of the term or suffer revocation. No other alternative—such as extension of the probation term—is given or contemplated. The New Missouri Criminal Code: Manual for Court Related Personnel, Comments to Probation § 559.036 (1978).

**3.** The defendant develops the argument that although Code § 556.031.3 excludes the effect of § 1.160 to reduce a criminal penalty enacted by the Code [presumably a one-term probation limit], the operation of the § 1.180 provision—that proceedings under a statute after a repeal are governed by "procedural rules and laws then in effect" [presumably a one-term probation limit]. The argument has two faults:

Firstly, § 1.180 affects the repeal of only nonpenal statutes. For a number of years § 1.180 governed the subject of *both* the repeal of a civil and a criminal statute, and at the same time, § 1.160 governed the repeal of *only* a criminal statute. That duplication was cured by an amendment in year 1957 which deleted application to a criminal statute. Since then, § 1.160 alone has governed that subject matter. Thus, § 1.180 does not bear on the question the defendant attempts.

Secondly, although a sentence of punishment has been determined a *procedural* aspect of a criminal proceeding [*State ex rel. Peach v. Bloom*, 576 S.W.2d 744, 746[1] (Mo. banc 1979)], Probation—what it is—has not yet been defined by a Missouri legislature or court. Probation—what it is not—has been "defined" [at least for purposes of constitutional double

reenactment of the offense. The prescription of § 556.031.3 is absolute. *State ex rel. Peach v. Bloom*, 576 S.W.2d 744 (Mo. banc 1979). That peremptory direction extends even to nullify any melioration of penalty § 1.160 would otherwise work by the Code repeal and reenactment of the criminal statutes. *State v. Bey*, 599 S.W.2d 243, 246[2] (Mo.App.1980).

Thus, were we to assume that the criminal code repeals § 549.071—whether explicitly or implicitly—[a question we do not decide] nevertheless the decision of the court of conviction to extend probation *after* the effective date of the Code for an offense committed *before* that date would remain unaffected by repeal of that section.

The writ of habeas corpus is quashed and the defendant is ordered remanded to the custody of the Director of the Jackson County Department of Corrections.

All concur.

---

jeopardy] in *McCulley v. State*, 486 S.W.2d 419 (Mo.1972). That rationale describes probation as neither a sentence nor a punishment but only [l.c. 423] "the amelioration of the punishment." That probation is not a sentence is made clear by [repealed?] § 549.071 and Code § 557.011: that the court either suspends execution of sentence or imposition of sentence. That probation is not a form of punishment, albeit diminished, is doubtful. Pre-Code § 549.058 [not repealed and extant] describes *Probation* as "a procedure under which a defendant found guilty of a crime upon verdict or plea is released by the court without imprisonment." Other authorities agree that probation

involves punishment. ABA Standards for Criminal Justice: Probation, Approved Draft 1970; *Phillips v. United States*, 212 F.2d 327, 334[1, 2] (8th Cir. 1954); *United States v. Ellenbogen*, 390 F.2d 537, 543[11, 12] (2d Cir. 1968). The criminal code describes probation neutrally, and perhaps most aptly, as an "authorized disposition." [§ 557.011].

Whether the essential probation is substantive or procedural, nevertheless, does not affect the question, as we rule. If the repeal of § 549.071 was indeed valid, any *procedural* amelioration otherwise due a sentence under § 1.160 by the Code reenactment was denied by the Code itself.