644 S.W.2d 359 (1983)
STATE of Missouri, Respondent,
v.
Robert Scott MARTIN, Appellant.
No. 63737.
Supreme Court of Missouri, En Banc.
January 25, 1983.
Loren R. Honecker, Springfield, Floyd Holder, Jr., Lubbock, Tex., Gary C. Riley, Odessa, Tex., for appellant.
John Ashcroft, Atty. Gen., John Morris, III, Asst. Atty. Gen., Jefferson City, for respondent.
PER CURIAM.
The notice of appeal in this cause was filed in this Court on January 18, 1982. On December 2, 1982, an amendment to Mo. Const. art. V, § 3 became effective. Pursuant to this amendment, which removed this Court's appellate jurisdiction in cases in which the punishment imposed is imprisonment for life, this cause was transferred to the Missouri Court of Appeals, Southern District. That court has retransferred the case to this Court by an opinion in which it concluded that this Court has jurisdiction of those cases in which the notice of appeal is filed before December 3, 1982. Since we conclude the amendment to Mo. Const. art. V, § 3, divested this Court of jurisdiction of this and similar cases, the cause is ordered transferred to the Missouri Court of Appeals, Southern District.
As noted in Boone County Court v. State, 631 S.W.2d 321 (Mo. banc 1982), rules applicable to constitutional construction are the same as those applied to statutory construction, except that the former are given a broader construction. Furthermore, the fundamental purpose of constitutional construction is to give effect to the intent of the voters who adopted the amendment. In examining the intent of the voters in adopting the amendment to this Court's jurisdiction, it is helpful to review previous changes that have occurred.
By amendment adopted August 4, 1970, and effective January 1, 1972, Mo. Const. art. V, § 3 was amended to eliminate this Court's jurisdiction with regard to several classes of cases. Also included in the amendment however, was art. V, § 31. Subsection 4 of § 31 provided that "[a]ll causes, matters, and proceedings pending in any appellate court on the effective date of this amendment [to art. V] shall be handled to final conclusion by the court wherein they are pending, without regard to the *360 provisions of this amendment, as if this amendment had not been adopted." This language resulted in this Court retaining and deciding those cases pending in this Court on the effective date of the amendment to art. V. See State v. Bascue, 485 S.W.2d 35 (Mo.1972); Papin v. Papin, 475 S.W.2d 73 (Mo.1972).
By amendment adopted August 3, 1976, and effective January 2, 1979, Mo. Const. art. V, § 3 was again amended. This amendment expanded the jurisdiction of this Court to include those cases in which the punishment imposed was life imprisonment. Included in this amendment was Mo. Const. art. V, § 27. Subsection 18 of § 27 provided that "all actions which shall have been instituted ... prior to the effective date of this article [V] shall continue to be as valid as if this article had not been adopted." This language again authorized the appellate courts of this state to retain and decide those cases pending in the respective courts on the effective date of the amendment to art. V.
Constitutional Amendment No. 10, which submitted the amendment to art. V, § 3 now under examination, did not contain any language relating to those cases pending in this Court on the effective date of the amendment. From the foregoing examples, it is clear that the people intended this amendment to divest this Court of jurisdiction in those life sentence cases pending in this Court on the effective date of the amendment. If this were not so, language similar to that used in the earlier amendments to art. V would have been included to specify that the cases were to be retained in the court in which the appeal was pending on the effective date of the amendment. This result is consistent with Mott Store Co. v. St. Louis and San Francisco Railroad, 254 Mo. 654, 163 S.W. 929 (1913). As in Mott, the result reached here is determined by the intent of those adopting the change in jurisdiction.
Although this Court has been divested of jurisdiction in life imprisonment cases pending on the effective date of the amendment to art. V, § 3, we have previously determined that we may retain cases otherwise within the jurisdiction of the court of appeals in the interest of judicial economy. Atkins v. Department of Building Regulations, 596 S.W.2d 426 (Mo.1980). For this reason, we will retain those life imprisonment cases under submission to this Court on the effective date of the amendment.
Finding that jurisdiction of this case was divested by the approval of Constitutional Amendment No. 10, this case is ordered transferred to the Missouri Court of Appeals, Southern District.
All concur.