**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Lonnie Allen NEAL,
Defendant-Appellant.**

**No. 13057.**

Missouri Court of Appeals,
Southern District,
Division Three.

March 24, 1983.

John D. Ashcroft, Atty. Gen., Mary Stewart Tansey, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

John W. Nichols, Kennett, for defendant-appellant.

PREWITT, Judge.

Following jury trial, defendant was convicted of capital murder and sentenced to life imprisonment. This court has jurisdiction of his appeal. *State v. Martin*, 644 S.W.2d 359 (Mo. banc 1983).

Defendant contends that the trial court erred in allowing in evidence a statement he made when attempting to enter a guilty plea to first-degree murder. Following negotiations between his attorney and the prosecuting attorney, it was agreed that the charge would be changed from capital murder to first-degree murder and defendant would plead guilty to it. Defendant did so, his plea was accepted, and he was sentenced to life imprisonment. Previous to the plea being taken the state was granted leave to file an amended information charging first-degree murder but did not do so.

Thereafter, defendant filed a motion to vacate under Supreme Court Rule 27.26. The circuit court sustained the motion because no information charging first-degree murder had been filed.

Defendant was then tried on the charge of capital murder. As a part of the state's evidence an answer defendant made in response to a question from the then trial judge during the earlier "plea bargain" hearing was introduced as an admission. A court reporter read from the record he made of the hearing which said that defendant was asked if he caused the death of the victim by stabbing him and defendant replied, "Yes, sir."

We believe that *State v. Hoopes*, 534 S.W.2d 26 (Mo. banc 1976), is controlling and that under its holding we must reverse and remand for a new trial. *Hoopes* held that admissions of an accused in attempting to carry out an agreement for a plea of guilty are "involuntary in law and . . . not admissible on the trial of the case for any purpose whatever" if the plea of guilty is "aborted". 534 S.W.2d at 37. The court stated that such statements are inadmissible at trial "whether . . . thought of as a confession, a plea of guilty later withdrawn by leave of court, or an attempt to enter a plea of guilty upon certain promises having been made by an official." 534 S.W.2d at 35. *Hoopes* is at least applicable where the state did not keep its part of the agreement. See *State v. Hutson*, 537 S.W.2d 809, 813 (Mo.App.1976).

The state does not attempt to distinguish *Hoopes*. It contends that appellant has not preserved his point for review because he did not file a motion to suppress, and ask for a hearing for the court to determine whether the admission was voluntary. We find no merit in this contention. There was no dispute regarding the circumstances of the statement and thus no facts for the court to have determined. Under *Hoopes* the statement is conclusively deemed involuntary and an evidentiary hearing would not have served any purpose.

The judgment is reversed and the case remanded for a new trial.

GREENE, C.J., CROW, P.J., and FLANIGAN and MAUS, JJ., concur.