**STATE of Missouri, Respondent,**

v.

**Bennie LITTLETON, Jr., Appellant.**

No. 63369.

Supreme Court of Missouri,
En Banc.

April 26, 1983.

Scott Richardson, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

RENDLEN, Chief Justice.

Defendant appeals conviction of robbery in the first degree, § 569.020, RSMo 1978, and sentence as a persistent offender to life imprisonment, § 558.016. The case was submitted before the December 2, 1982 amendment to Art. V, § 3 of the Missouri Constitution divesting this Court of exclusive appellate jurisdiction in life imprisonment cases and is retained for decision in the interest of judicial economy. *State v. Martin*, 644 S.W.2d 359, 360 (Mo. banc 1983).

The sole assertion on appeal is that the trial court erred in admitting the victim's in-court identification of defendant.

Viewed most favorably to the State, the evidence established that on February 20, 1981, at approximately 9:00 p.m. Joseph Brown was approached by a jogger as he placed a package in his car on Olive Street in University City. Intent upon his task, Brown paid the jogger little heed until he pulled a sawed-off shotgun from a bag and demanded Brown's money. Understandably this caught Brown's attention, who turning toward the assailant saw the muzzle of the shotgun about a foot from his ribcage. Protesting that he had no money except change, he was ordered to hand it over, turn around, and remove his wallet from his back pocket. Complying with those directions he then was ordered to face the gunman and turn his pockets inside out. Brown again turned and emptied the contents of his pockets, including a $50 bill, onto the ground. The gunman picked up the bill and ran to a waiting tan automobile which he entered on the passenger side. The car backed quickly from sight into a side street.

Almost immediately Brown heard a loud crash, and then creeping along the side a building and peeking around the corner, he saw the tan car approximately seventy-five feet away wedged inside a garage.

About that time, University City police officer Lipe, responding to a possible-rob-bery-in-progress call, arrived at the scene and saw the tan automobile crash into the garage. When two men emerged from the passenger side and started running, Officer Lipe pursued one of the suspects, later identified as the defendant, on foot. Defendant ran west on Olive Street until he reached an autobody shop surrounded by a twelve-foot cyclone fence topped by strands of barbed wire. It seems, however, that this was not to be one of defendant's better days. Approximately 100 feet ahead of the policeman, defendant climbed the fence and dropped into the shop yard. Unfortunately (from defendant's point of view) the yard was patrolled by two German Shepherd dogs which prompted an immediate rescaling of the fence, and as defendant dropped back onto the sidewalk, he did so into a waiting circle of policemen and immediate arrest. A sawed-off shotgun and blue jacket similar to that worn by the gunman were discovered on the ground near the passenger door of the tan car.

Shortly after the arrest, Brown was driven to a place where he viewed defendant. When told to face the car in which Brown was sitting, defendant refused to cooperate and kept turning his head away. As a result, Brown was not afforded a good look at defendant's face and could not positively identify him.

At defendant's preliminary hearing, eleven days after the robbery, Brown positively identified defendant as the man who robbed him. At trial, Brown again positively identified defendant as his assailant. Defense counsel's pretrial and trial motions to suppress Brown's in-court identification of the defendant were overruled. Defendant contends these rulings were erroneous because Brown's in-court identification was the product of the preliminary hearing identification, which was made under circumstances so suggestive and conducive to irreparable misidentification that admission of evidence based on such confrontation denied him due process of law. There is no merit in this contention.

■ Assuming arguendo that defendant's preliminary hearing was impermissibly suggestive, a conclusion we do not reach, we find no want of due process in the trial court's rulings on Brown's identification testimony. As this Court noted in *State v. Higgins*, 592 S.W.2d 151, 160 (Mo. banc 1979), "[r]eliability ... 'is the linchpin in determining the admissibility of identification testimony ...' *Manson v. Brathwaite*, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977)...." Even if an out-of-court identification procedure is deemed suggestive, it does not invalidate a reliable in-court identification based on a recollection independent of the pretrial identification, *State v. Kirk*, 636 S.W.2d 952, 955 (Mo.1982), and the reliability of an in-court identification is assessed under the "totality of the circumstances." *Coleman v. Alabama*, 399 U.S. 1, 5, 90 S.Ct. 1999, 2001, 26 L.Ed.2d 387 (1970). Factors to be considered in determining whether identification testimony is sufficiently reliable that admittance at trial will not violate defendant's right to due process include: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the degree of certainty demonstrated by the witness at the confrontation and (5) the length of time between the crime and the confrontation. *Neil v. Biggers*, 409 U.S. 188, 199, 93 S.Ct. 375, 382, 34 L.Ed.2d 401 (1972); *State v. Higgins*, 592 S.W.2d 151, 160 (Mo. banc 1979).

■ Brown had ample opportunity to view his assailant. He intermittently observed the gunman's face in a well-lighted area for a period of four or five minutes as the gunman stood quite close to him. As the assailant spoke Brown saw his face which was lit by a street light located approximately ten feet behind Brown's car. The record does not indicate whether Brown gave any prior description of the gunman, but he unequivocally identified defendant at the preliminary hearing eleven days after the crime. His identification of the defendant at trial, some four months later, was also positive and unequivocal.

Defendant cites *Foster v. California*, 394 U.S. 440, 89 S.Ct. 1127, 22 L.Ed.2d 402 (1969), and argues Brown's failure to positively identify him the night of the robbery, coupled with the suggestiveness of the preliminary hearing, constituted a series of events inevitably leading to a positive identification similar to one found constitutionally deficient in *Foster*.

In *Foster*, the witness to a robbery viewed a three-man lineup. Defendant stood out from the other two men by virtue of his height and because he was wearing a leather jacket similar to that worn by the robber. Nonetheless, the witness could not positively identify defendant. Defendant was then brought alone to a room and seated across a table from the witness. The witness was still uncertain. A week later the police arranged a five-man lineup. Defendant was the only person in the second lineup who appeared in the first, and the witness positively identified him. The United States Supreme Court said "the pretrial confrontations clearly were so arranged as to make the resulting identifications virtually inevitable," and ruled the identification procedure "so undermined the reliability of the eyewitness identification as to violate due process." 394 U.S. at 443, 89 S.Ct. at 1129.

*Foster v. California*, supra, however, is readily distinguishable from this case. Because of defendant's refusal to cooperate the night of his arrest, Brown did not see his face clearly until the preliminary hearing. During the preliminary hearing, at which he was an essential witness, Brown positively identified the defendant. Again at trial, Brown positively and unequivocally identified the defendant as his assailant. This record simply does not support defendant's assertion that Brown's identification was so unreliable its admittance denied him due process of law.

The judgment is affirmed.

All concur.

BILLINGS and BLACKMAR, JJ., not participating because not members of the Court when cause was submitted.