STATE of Missouri, Respondent,

v.

Anthony Michael DIXON, Appellant.

No. 62951.

Supreme Court of Missouri,
Division No. 1.

Sept. 20, 1983.

Jack A. Lewis, North Kansas City, for appellant.

John Ashcroft, Asst. Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

The single issue raised in this appeal from a life sentence for a first degree robbery conviction concerns the alleged maculation of the in-court identification due to suggestive pretrial identification procedures.[1] No error appears; the judgment is affirmed.

The jury could reasonably find that with guns drawn, defendant and a companion entered a Liberty, Missouri pizza establishment at closing time and announced a hold-up. The three employees in the restaurant were ordered into the kitchen area and forced to lie down as defendant frisked them and took the wallets of the two male employees. The defendant also emptied the cash register and confiscated a bag of money under a counter.

The lone female employee was taken hostage at gunpoint, with defendant striking her forcibly on her neck and face with his fist.

As defendant and his partner in crime attempted to start a getaway car, the hostage was able to elude her captors and reenter the restaurant. However, the two robbers followed her inside, kicked one of the male employees and took his car keys. Defendant's companion attempted to shoot the other male employee, but the gun misfired. Defendant and his cohort ordered one of the male employees outside but left him behind as they attempted their escape.

Shortly thereafter, defendant was apprehended by police officers guided by the description given by the robbery victims. A wallet belonging to one of the victims was found in defendant's possession.

Approximately two hours after the robbery, the victims identified defendant through a one-way mirror-window as he sat next to a uniformed police officer. All three employees identified him. At trial, less than six months after the robbery, each victim again made a positive in-court identification of defendant.

Defendant rests his case on the flimsy base of alleged in-court identification taint by reason of the police station mirror-window viewing procedures.

■ But the test is not whether the out-of-court identification is overly suggestive. Rather, the focus is on whether the in-court identification is reliable based on recollections independent of the pretrial identification as assessed under the totality of the circumstances. *State v. Littleton,* 649 S.W.2d 225, 227 (Mo. banc 1983); *State v.*

1. The case was under submission prior to the effective date of the December 2, 1982 amendment to Mo. Const. art. V, § 3. Hence, this Court retains jurisdiction of this life imprisonment case. *State v. Davis,* 653 S.W.2d 167, 169 (Mo. banc 1983); *State v. Martin,* 644 S.W.2d 359, 360 (Mo. banc 1983).

*Higgins,* 592 S.W.2d 151, 160 (Mo. banc 1979). And, as in *Littleton,* no determination is made here as to whether the show up procedures were improper. *See State v. Edwards,* 650 S.W.2d 655 (Mo.App.1983) (holding that a show up is not necessarily blemished by the fact that the victim was taken to a show up with the suspect handcuffed and near a police car with police officers present).

The factual circumstances of this case in which the three victims had the memory of defendant's features branded in their minds and the sequence of the evening's events leaves what took place in the police station of no moment. For it is apparent that substantial basis existed for the in-court identification of defendant, and ample independent sources existed to make that identification fully reliable. The victims had substantial time to view the defendant at the time of the crime, describe his appearance and clothing and have his physiognomy fully impressed upon them for their accurate recognition and recall. The in-court identification was proper as being based on a recollection independent of the pretrial show up. *State v. Kirk,* 636 S.W.2d 952, 955 (Mo.1982).

The following from *Littleton* at 227 precisely pertains to this case: "Even if an out-of-court identification procedure is deemed suggestive, it does not invalidate a reliable in-court identification based on a recollection independent of the pretrial identification." The reliability of the in-court identification unquestionably exists in this case.

Judgment affirmed.

RENDLEN, C.J., MORGAN, Senior Judge, and BARNES, SLOAN and STEELMAN, Special Judges, concur.

DONNELLY, J., not sitting.

GUNN, P.J., and BILLINGS, J., not participating because not members of the Court when cause was submitted.