**STATE of Missouri, Respondent,**

v.

**Calvin ARCHIBALD, Appellant.**

No. 48103.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 4, 1984.

William J. Shaw, Thomas Carter, II, Clayton, for appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Calvin Archibald guilty of an armed grocery store robbery. The trial court fixed his punishment as a prior felon at 15 years in prison.

Here defendant claims the trial court erroneously denied his motion to suppress the identification testimony of three eye witnesses; this on the ground their trial court identifications had been tainted by suggestive police procedures.

The state's evidence: Defendant lingered in the store for several minutes and then with a partially concealed weapon threatened the cashier; he demanded and got money from her two cash registers. A store clerk saw defendant within three feet. As defendant left the store a third witness saw him and remembered he was a high school classmate. A policeman took her home and got a high school yearbook. On two pages were photographs of defendant and five other male students. From this the three witnesses separately identified defendant's photo as that of the robber.

Defendant now challenges the eye witnesses' testimony concerning identifica-tions, first by the yearbook photos, second by seeing defendant in both a police line-up photo and later in a live line-up, and third by the in-court identification. Defendant here argues these identifications were unduly suggestive. The record refutes these contentions. It shows each of the three witnesses independently and separate from each other made the now challenged identifications.

In *State v. Littleton,* 649 S.W.2d 225[1, 2] (Mo. banc 1983) the victim could not identify defendant at the time of the offense but did so at the preliminary hearing and at trial. In denying defendant's challenge the court ruled:

"Even if an out-of-court identification procedure is deemed suggestive, it does not invalidate a reliable in-court identification based on a recollection independent of the pretrial identification."

In *State v. Montgomery,* 588 S.W.2d 80[3] (Mo.App.1979) we held:

"The keystone to admissibility is that the victim and the witnesses were able to identify defendant in and out of court under manifestly reliable circumstances."

To the same effect see *State v. Patterson,* 598 S.W.2d 483[6] (Mo.App.1980).

We deny defendant's challenge to his identification.

Affirmed.

DOWD, P.J., and CRIST and CRANDALL, JJ., concur.