STATE of Missouri,
Plaintiff-Respondent,

v.

Vincent HINES, Defendant-Appellant.

No. 51390.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 3, 1987.

Motion for Rehearing and/or Transfer
Denied March 11, 1987.

Application to Transfer Denied
April 14, 1987.

Dorothy M. Hirzy, St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., Colly Frissell-Durley, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Defendant was convicted in a jury tried case of two counts of assault first degree, § 565.050 RSMo (1978) in the Circuit Court of the City of St. Louis. The trial court sentenced him as a prior and persistent offender to terms of thirty and fifteen years for counts I and II, the counts to run consecutively. Defendant contends that the trial court erred in allowing a state's witness to make an in court identification and in finding him to be a prior and persistent offender. We affirm.

As defendant does not question the sufficiency of the evidence, only a brief factual review is necessary. The evidence, viewed in a light most favorable to the verdict established that Will Garner and defendant assaulted Thomas Lee and Guy Lee with baseball bats. Guy Lee, the son of Thomas Lee, sustained serious injuries including severe head trauma and multiple skull fractures which have left him seriously handicapped.

At a police line up nine months after the assault, Thomas Lee and Sandra Broadhurst, a neighbor, identified defendant as one of the attackers. Jacquelyne Thomas, another neighbor who was eleven at the time of the assaults, also attended the line up but she did not identify defendant then. At trial, Thomas Lee and Sandra Broadhurst again identified defendant. Jacquelyne Thomas also testified at trial and, to the surprise of the trial court, prosecution and defense, she volunteered an identification of defendant as one of the two attackers. When asked why she did not identify defendant earlier, she stated that she had been "scared."

Defendant contends that this in court identification was so unreliable that its admittance deprived defendant of due process and a fair trial. We disagree.

The reliability of an identification must be assessed in light of the totality of the circumstances. Five factors have been provided which assist us in this analysis. They are:

(1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the degree of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation.

*State v. Littleton*, 649 S.W.2d 225, 227 (Mo banc 1983). In the case at hand, defendant attacks Jacquelyne's identification as being deficient in each area. In reply, the state admits that the last three are not favorable to her testimony, but that in the totality of circumstances the identification was reliable. We agree.

The defect in Jacquelyne's identification is her failure to identify defendant at anytime before trial. Considering her youth and the viciousness of the attack, it is entirely believable that she would be afraid to identify defendant at a line up nine months subsequent to the attack, but, on the other hand, one would expect that she would have confided her reason before she testified either to the police or to the victims of the attack, who are personal friends. Further, the fact that her first identification occurred two years after the attack undermines its reliability.

■ Nonetheless we are reluctant to reverse the trial court who had the advantage of observing the witness. Jacquelyne testified that she saw the attack from

about four houses away.[1] The attack was not a fleeting instance. The defendant and his co-attacker walked up the street and crossed to the alley to where the victim's were, working on a car. The defendant hit Thomas Lee once and then walked around the car where he struck Guy Lee three times. Finally, Jacquelyne informed the court that she had seen the defendant visiting in the neighborhood before that day. In short, we have a young witness who viewed from a moderately close distance a sustained, vicious and frightening attack by two men who had familiar faces. We cannot say the trial court erred in its assessment of the identification's reliability. Our belief that defendant's convictions should not be reversed is bolstered by the fact that Jacquelyne was not the only identifying witness. Instead, two adults, one a victim of the attack, also squarely identified the defendant. Even if we were to rule differently on the reliability of Jacquelyne's identification we would find its admission to be non-prejudicial.

Defendant's second point attacks the finding of the trial court that defendant was a prior and persistent offender. He contends that the records used to establish defendant's previous offenses were inconclusive as they only identified the person previously convicted as being a black male named Vincent Hines. The birth date on the records contradicted each other, one listing a birth date as December 1, 1960, and another listing it as December 19, 1960.

 Defendant invites our attention to *State v. Fitzpatrick*, 676 S.W.2d 831 (Mo banc 1984). "When a variance appears between the name contained in a prior conviction record and the name of the person on trial, some additional evidence is generally required to show that the names identify the same person." *Id.* at 838. Defendant would have us extend this rule to variance in birth dates. We decline. By showing the identity of the names on the records with defendant's name, the state made its prime facie case. *Id.* at 838. Defendant's counsel attacked the disparity in birthdates but the defendant did not present any evidence. "Where, as here, a defendant offers no evidence to rebut the prima facie showing of a prior felony conviction, the trial court may act in reliance upon that evidence." *State v. Mays*, 622 S.W.2d 21, 23 (Mo.App.1981). We find no error in the trial court's finding that defendant was a persistent offender.

CRANDALL and KAROHL, JJ., concur.

---

urban location it is not.